PER CURIAM.
This is an appeal by defendants of the final money judgments rendered in a personal injury action arising from an automobile accident in which the wife/mother was killed, the husband/father permanently disabled, and the son injured. Liability is not an issue in this appeal. The sole question for our determination is whether any or all of the money judgments awarded on the basis of six separate jury verdicts can stand.
The six claims involved in this action, the amounts awarded by the jury, and the sums awarded by the final judgment of the trial court are shown by the following chart.
CLAIMANT NATURE OF CLAIM DAMAGES AWARDED BY JURY DAMAGES AWARDED BY FINAL JUDGMENT
Estate of Deceased Wife/Mother Wrongful Death $230,000 $2,500
Husband Wrongful Death of Spouse $1,000,000 $1,000,000
Husband Personal Injuries $100,000 $100,000
Father Medical Costs for Son’s Injuries $10,000 $10,000
Son Wrongful Death of Mother $400,000 $400,000
Son Personal Injuries $10,000 $10,000
The verdict awarding $230,000 to the wife’s estate was corrected by the trial court with the consent of both sides before the jury was discharged, since the sum exceeded the amount statutorily permissible (approximately $2,500). On appeal, both sides also agree that the amount of the father’s recovery for medical costs in his derivative claim for the son’s injuries should be reduced by $7,485 to accord with evidence adduced at trial. Both sides are content, too, with the $10,000 award to the son for his personal injuries.
However, defendants contend that the awards to the father and son for their wrongful death claims were grossly excessive and require retrial since they obviously resulted from confusion by the jury. As examples, defendants point out that, although the son requested $250,000 for his wrongful death claim, the jury awarded him $400,000, and that while the husband requested $500,000 for his wrongful death claim, the jury awarded him $1,000,000, at the same time awarding him only $100,000 on his personal injuries claim although he had. requested $1,000,000 in this cause of action and presented extensive evidence on this aspect of the case. Defendants post trial motions for retrial and remittitur were denied.
Plaintiffs, though content on appeal to let the final judgments stand, originally had moved for a new trial on the husband/father’s personal injuries claim, alleging at the time that this sum was inadequate in view of the extensive nature of his injuries. Plaintiffs now contend that, when viewed as a whole, the awards are sound and should stand, except for the agreed remitti-tur of $7,485. They assert that the sum awarded the son for the wrongful death of his mother is not excessive and that the $1,100,000 total award to the husband/father for his personal injuries and wrongful death claims is also sound, suggesting that the jury erroneously transposed the awards in the personal injuries and wrongful death claims. Plaintiffs argue that, although the form of the execution of the verdicts was incorrect, the substance of the intended awards was attained, and therefore this court should not disturb the result the jury reached.
Plaintiffs rely on Cory v. Greyhound Lines, Inc., 257 So.2d 36, (Fla.1971) as authority for this proposition, asserting that *957 the trial judge must have regarded the $1,000,000 and the $100,000 awards as inadvertent transpositions. We cannot agree. In the first place, nothing in the record offers firm support for this proposition. Secondly, reliance on Cory is misplaced, for, in that case, the sums originally awarded by the jury objectively reflected a transposition of the actual amounts requested on the two claims involved. Moreover, the trial court’s order granting a new trial on the issue of damages declared the court’s belief that the jury had transposed the requested amounts. The intentions of the jury were readily discernible from the record. Such is not the case on the facts before us.
We review a situation in which the intent of the jury is not sufficiently apparent to sustain the contested awards. The jury returned a verdict of twice the sum requested for the wrongful death claim of the husband, while awarding one tenth the requested amount on his claim for extensive and permanent injuries, an issue which was of major import at the trial. While we are of the opinion that a jury is not bound to return a verdict in an amount correlative to that requested by counsel, the amount awarded the husband for his wife’s death was excessive, and the sum awarded him for his personal injuries could be considered de minimus.
Because of the combination of the confusion apparent from the record and the ex-cessiveness of the husband’s wrongful death award, we find that the only way in which appropriate damages can be properly assessed is by a retrial of all the damage elements. Therefore, this cause is reversed and remanded for a new trial as to the damage issues only.
Reversed and remanded for further proceedings consistent with this opinion.