368 So.2d 640 (1979)
Ruby WALKER, Appellant,
v.
J.V. DUNNE, M.D., Appellee.
No. 78-1962.
District Court of Appeal of Florida, Second District.
March 16, 1979.
Charles H. McQuillan, of McQuillan & Beltz, P.A., Bradenton, for appellant.
G. Hunter Gibbons, of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellee.
PER CURIAM.
This is an appeal from the entry of a summary final judgment in favor of appellee Dunne who was the defendant in a medical malpractice action in the court below. This action was based on a complaint filed by appellant, Mrs. Walker, in which she alleged that during an operation Dr. Dunne had lost a balloon tip in her leg. She further alleged that as a result of the *641 presence of the balloon tip her leg had developed gangrene which necessitated its amputation.
In his motion for summary judgment, Dr. Dunne alleged that appellant had not filed her complaint within the applicable statute of limitations period. The trial court granted Dr. Dunne a summary judgment on this basis, finding that appellant became aware of his alleged negligence in October, 1975, and that the two-year limitation period of Section 95.11(4)(b), Florida Statutes (1975) barred her suit filed on July 19, 1978. We reverse.
In the affidavit which accompanied his motion for summary judgment Dr. Dunne stated that on October 24, 1975, immediately after Mrs. Walker awoke from surgery, he informed her that he had lost a balloon tip in her leg during that surgery. Mrs. Walker did not deny this, but in her affidavit she alleged that Dr. Dunne had continued to treat her and had told her that the amputation of her leg had not been a result of the lost balloon tip. Accordingly there was a factual issue as to whether Dr. Dunne fraudulently concealed his negligence, and thus there was a factual issue as to whether his conduct tolled the statute of limitations. Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976). As a result, the trial court should not have determined the matter on summary judgment but rather, should have left the question to the trier of fact. Edwards v. Ford, 279 So.2d 851 (Fla. 1973); Smith v. Hussey, 363 So.2d 1138 (Fla. 2d DCA 1978); Pinkerton v. West, 353 So.2d 102 (Fla. 4th DCA 1977).
In view of what we have said, we remand this case for further proceedings.
HOBSON, A.C.J., and SCHEB and RYDER, JJ., concur.