373 So.2d 92 (1979)
Elaine D. ELAND, As Personal Representative of the Estate of Lawrence A. Eland, Appellant,
v.
Dr. T. AYLWARD, M.D., Appellee.
No. 78-1683.
District Court of Appeal of Florida, Second District.
July 25, 1979.
David A. Maney and S.R. Mandelbaum of Gordon & Maney, Tampa, for appellant.
William D. Wood, III, St. Petersburg, for appellee.
BOARDMAN, Judge.
Plaintiff Elaine D. Eland appeals the entry of final summary judgment against her, which was predicated on a finding that the action was barred by the applicable statute of limitations. For the reasons hereinafter set forth, we reverse.
On February 8, 1977, appellant filed a medical mediation claim against appellee, Dr. Aylward, alleging that her husband, Lawrence A. Eland (Eland), died on February 9, 1975, as a result of medical malpractice on the part of appellee. The parties subsequently stipulated to an extension of the date of commencement of final hearing to September 22, 1977, which was more than six months from the date of filing of the claim, and an order was entered in accordance with the stipulation. Commencement of the final hearing was later continued to November 17, 1977, pursuant to a second stipulation. However, on December 15, 1977, after hearing on November *93 17 on the issue of mediation panel jurisdiction, finding that final hearing had not commenced within six months from the date the claim was filed, the judicial referee ruled that mediation panel jurisdiction had terminated.
On January 23, 1978, appellant filed a complaint against appellee in the Circuit Court of Pasco County. Appellee filed an answer and asserted as an affirmative defense that the action was barred by the applicable statute of limitations. Appellant filed a reply denying appellee's affirmative defenses. Appellee then moved for summary judgment on the grounds that the applicable statute of limitations for a wrongful death action was two years, that appellant was on notice of a possible invasion of her legal rights upon Eland's death, and that the face of the complaint showed that the complaint was filed following expiration of the two-year statute of limitations as tolled by the medical mediation claim. After hearing, the trial court granted the motion and entered final summary judgment in favor of appellee. This appeal followed timely.
Appellant concedes that although the 120-day period within which final hearing must be commenced had been properly extended under Section 768.44(3), Florida Statutes (1977), mediation panel jurisdiction terminated on August 8, 1977, when six months had expired without commencement of the final hearing, Raedel v. Watson Clinic Foundation, Inc., 360 So.2d 12 (Fla. 2d DCA 1978), and the complaint was not filed within the 60-day period provided in Section 768.44(4). However, appellant contends that the applicable statute of limitations is Section 95.11(4)(b), the statute of limitations for medical malpractice actions, rather than, as appellee contended, Section 95.11(4)(d), which applies to wrongful death actions, and that the action was not shown to be barred by Section 95.11(4)(b). We agree.
Section 95.11(4)(b) defines an "action for medical malpractice" as "a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment or care by any provider of health care" (emphasis supplied) and provides for a limitation period as follows:
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence: however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued. [Emphasis supplied.]
This is an action for medical malpractice. Glass v. Camara, 369 So.2d 625 (Fla. 1st DCA 1979).
Because the claim for medical mediation was filed only one day prior to the expiration of the two-year limitation period on a claim for wrongful death, the trial court concluded that appellant had 60 days after the medical mediation panel lost jurisdiction within which to file her complaint. Since appellant's complaint had not been filed within that time, the court granted appellee's motion for summary judgment. This was error.
Although the action was not commenced within two years of the date of the incident giving rise to the action (Eland's death), it was filed within four years of the date of the incident. Thus, in order to prevail on his motion for summary judgment, appellee was required to demonstrate that appellant's complaint had been filed beyond two years from the time the incident was or should have been discovered. Glass v. Camara, supra.
The record is devoid of any evidence showing when appellant knew or should have discovered the cause of action asserted here. Appellant testified that when she asked appellee what had happened, appellee said that Eland's air passages had sealed themselves; she then asked appellee why he had not performed a tracheotomy and appellee told her that he had done two, but that "it was to no avail, it was not enough." *94 In response to her question as to why he had not done a tracheotomy sooner, appellant testified, appellee said that tracheotomies were done as a last resort after all other measures had failed. However, the deposition of Dr. John Feegel indicates that the tracheotomy performed by appellee was unsuccessful "because it was attempted too late and under the wrong conditions."
Appellant could not properly be charged with knowledge of appellee's negligence on the date Eland died based upon appellee's statement to her. The record does not suggest that appellant at that time had any other information as to the cause of Eland's death other than what appellee had told her. Of course, once appellant became aware of Dr. Feegel's professional opinion that it was appellee's negligence which caused Eland's death, the statute of limitations would begin to run. However, there is no evidence in this record as to when appellant obtained Dr. Feegel's opinion that it was appellee's negligence which caused her husband's death.
There being a genuine issue of material fact as to when appellant discovered, or with the exercise of due diligence should have discovered, the quality of appellee's conduct giving rise to her cause of action, summary judgment should not have been granted. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); see Walker v. Dunne, 368 So.2d 640 (Fla. 2d DCA 1979).
Accordingly, the order of final summary judgment is vacated and the cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
SCHEB and RYDER, JJ., concur.