PER CURIAM.
This is an appeal from the denial of a motion for new trial on the issue of damages. We reverse and remand for a new trial on the issues of liability and damages.
Appellant, Eleanor K. Nowicki, as personal representative of the estate of Janine Marie Nowicki, deceased, brought an action for the wrongful death of Janine Nowicki against the School Board of Broward County and its insurer, Admiral Insurance Company, in which she alleged that the School Board was negligent in failing to provide proper emergency first aid care and treatment, and in failing to provide for the health, safety and welfare of Janine Now-.icki, causing her death. At trial the jury returned a verdict for appellant against the School Board, awarding $20,000 to the estate of Janine Marie Nowicki, but awarding *200 zero damages to the decedent’s mother, Eleanor K. Nowicki, and the decedent’s father, Richard Nowicki.
The jury was confused during their deliberations about whether they had to award damages to the estate, the mother and the father, or whether an award only to the estate would be legally sufficient, should they find for the plaintiff. Although the court, after consulting with counsel, tried to clarify the issue, it is apparent from the unsupported amount of the award to the estate that the jury remained confused.
Section 768.21(6), Florida Statutes (1979)[1] enumerates those damages that are recoverable on behalf of the estate in a wrongful death action. Specifically, in the instant case the evidence supports a maximum potential recovery on behalf of the estate of $8,000, slightly less than $6,400 for medical expenses and slightly more than $1,600 in funeral costs. This does not even approach the $20,000 award. In light of the previously referred to confusion of the jury and their misconception of law as is apparent from the unsupported award to the estate, we believe a new trial on both liability and damages is proper.
Accordingly, we reverse the order denying the motion for new trial on damages alone and remand for a new trial on liability and damages on authority of Section 59.35, Florida Statutes (1979).
REVERSED AND REMANDED.
HERSEY and GLICKSTEIN, JJ., and WETHERINGTON, GERALD T., Associate Judge, concur.

. Section 768.21(6) provides, in part:
(6) The decedent’s personal representative may recover for the decedent’s estate the following:
(a) Loss of earnings of the deceased from the date of injury to the date of death, less lost support of survivors excluding contributions in kind, with interest. If the decedent’s survivors include a surviving spouse or lineal descedents, loss of net accumulations beyond death and reduced to present value may also be recovered.
(b) Medical or funeral expenses due to the decedent’s injury or death that have become a charge against his estate or that were paid by or on behalf of decedent, excluding amounts recoverable under subsection (5).