423 So.2d 413 (1982)
William W. BRUCE, M.D., Appellant,
v.
Marianne BYER, As Personal Representative of the Estate of Abner Byer, Deceased, Appellee.
No. 82-88.
District Court of Appeal of Florida, Fifth District.
November 17, 1982.
Rehearing Denied December 16, 1982.
*414 Andrew G. Pattillo, Jr., and Russell W. LaPeer of Pattillo & McKeever, P.A., Ocala, for appellant.
T.G. LaGrone of LaGrone & Felice, P.A., Orlando, for appellee.
COBB, Judge.
Abner Byer originally filed a malpractice action against appellant, Dr. William W. Bruce, on March 13, 1980. On February 13, 1980, a medical liability mediation claim was filed pursuant to section 768.44, Florida Statutes (1979). Dr. Bruce, a dermatologist, had treated Mr. Byer from August, 1972, until October, 1977. Mr. Byer alleged that Dr. Bruce had prescribed "extensive overdoses of steroid medication" which resulted in injury, and that Mr. Byer did not discover the negligence until March 20, 1978.
Mr. Byer died on March 28, 1981, and his widow and personal representative of his estate, Marianne Byer, was substituted as claimant in the action. In an amended complaint filed on May 21, 1981, Mrs. Byer alternatively pleaded a survival action and a wrongful death action. In his answer, Dr. Bruce denied the allegations in the complaint and asserted affirmative defenses of contributory negligence and statute of limitations.
The trial began on October 26, 1981, at which time Mrs. Byer expressed her intention to proceed only upon the wrongful death action, withdrawing the survival action. Dr. Bruce then requested the court to rule that given a sufficient evidentiary predicate, section 95.11(4)(b), Florida Statutes (1979), the statute of limitations for malpractice actions, would apply to bar the wrongful death action. The statute provides in relevant part:
Actions other than for recovery of real property shall be commenced as follows:
.....
(4)(b) An action for medical malpractice shall be commenced within two years from the time the incident giving rise to the action occurred or within two years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; ... An `action for medical malpractice' is defined as a claim in tort ... for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care... (Emphasis added.)
The trial court construed section 95.11(4)(b) as barring wrongful death claims grounded in medical malpractice brought more than two years after the discovery of the medical negligence. As applied to the facts in this case, this construction of the statute would operate to bar the wrongful death action prior to the death itself. Perceiving this dilemma, the trial court concluded that section 95.11(4)(b) as so applied in a wrongful death action is unconstitutional, hence he applied section 95.11(4)(d), the subsection pertaining to wrongful death actions in general, not just those arising from medical malpractice. He therefore held that the statute of limitations of two years as provided by subsection (d) had not run, and sustained the action.
We agree with the result reached by the trial court in ruling that the statute of limitations had not run, but disagree with his construction of subsection (b) and his determination of its constitutionality. The *415 general rule is that a cause of action for wrongful death accrues upon the date of the decedent's death. Moorey v. Eytchison & Hoppes, Inc., 338 So.2d 558 (Fla. 2d DCA 1976). In Perkins v. Variety Childrens Hospital, 413 So.2d 760 (Fla. 3d DCA 1982), the Third District construed section 95.11(4)(d), Florida Statutes (1979) (the general limitations provision for wrongful death actions), as follows:
Since the right does not exist until death occurs, the only reasonable interpretation is that wrongful death actions must be brought within two years from the time of the death of the injured party and not within two years from the time of the injuries of that party.
Id. at 764. In Perkins, the defendant hospital claimed that plaintiff's father had no right of action for wrongful death because the statute of limitations for a personal injury action had expired prior to the time of his son's death.
The effect of prior court decisions is to construe section 95.11(4)(b) as commencing the two-year period on the date of the death upon which the wrongful death action is based. In Hickox v. University Community Hospital, Inc., 384 So.2d 160 (Fla. 2d DCA 1980), the lower court had dismissed a wrongful death action on the statute of limitations ground, applying section 95.11(4)(d). Appellant argued section 95.11(4)(b) should govern his action. Reversing, the court stated that it was unnecessary to address the question of which wrongful death time period would apply because under either section appellant's wrongful death claim was timely, as it was filed within two years after appellant's decedent's death.
Similarly, in Eland v. Aylward, 373 So.2d 92 (Fla. 2d DCA 1979), the court interpreted the section 95.11(4)(b) language "within two years from the time the incident giving rise to the action occurred ..." as meaning the date of plaintiff's decedent's death in a wrongful death action. In Eland, the plaintiff did not bring the action within two years of the date of the death, so the court determined that in order for appellee to prevail in his summary judgment motion based on the statute of limitations, appellee was required to demonstrate that plaintiff's/appellant's complaint was filed beyond two years from the time the incident was or should have been discovered.
In Glass v. Camara, 369 So.2d 625 (Fla. 1st DCA 1979), the plaintiff also failed to file her wrongful death action within two years of the death. Plaintiff's husband had died on May 29, 1974, and his widow had filed on July 25, 1977. The lower court rendered a final summary judgment in favor of the physician, holding that the action was barred by the two-year limitation. Recognizing that the statute of limitations had not run on the wrongful death action when the 1975 amendments to section 95.11(4) became effective, which amendments operated, inter alia, to postpone the running of the period on undiscovered causes of action for wrongful death by medical malpractice, the court found that the legislative lengthening of the statute of limitations period enured to the benefit of the plaintiff. The court observed that the record contained no pleading or evidence suggesting when the plaintiff discovered or should have discovered her asserted cause of action for her husband's death on May 29, 1974, and reversed the lower court's summary judgment in favor of the physician.
Based on the foregoing, it appears that the two-year period for wrongful death actions based on medical malpractice commences upon death, and that the 1975 legislation which included in section 95.11(4)(b) actions based on death from medical malpractice postpones the running of the period on undiscovered causes of action for wrongful death by medical malpractice. In the instant case, Mr. Byer died on March 28, 1981, and the wrongful death action was filed on May 21, 1981, clearly within the two-year period of section 95.11(4)(b) as we interpret it.
The second issue raised by appellant concerns the propriety of a $46,000 damage verdict to the estate returned by the jury, and the trial court's denial of a motion for remittitur. The appellant argues that under *416 the Florida Wrongful Death Act, section 768.21(6), Florida Statutes (1980), there are three elements of recoverable damages for an estate: (1) loss of earnings, (2) loss of net accumulations, and (3) funeral expenses. Appellant contends the evidence established $3,856 as the lost net accumulations and funeral expenses of $1,955, but that there was no substantive evidence concerning the element of lost earnings; therefore, appellant would be entitled to either a remittitur or new trial on damages. Nowicki v. School Board of Broward County, 400 So.2d 199 (Fla. 4th DCA 1981).
The appellee concedes the evidence aggregates only $5,811 in regard to the second and third elements, but contends there was sufficient evidence in regard to loss of earnings to sustain the verdict. In other words, the jury verdict represents an award to the estate for loss of earnings of slightly in excess of $40,000.
The decedent, Abner Byer, was treated by the defendant, Dr. Bruce, from August, 1972 to October, 1977. Byer died in March, 1981. There were several periods that Byer was hospitalized for testing and treatment during the later years of his life as a result of his steroid problem. The total time he was hospitalized between 1977 and his death in 1981 was seventeen days. Subsequent to November, 1977, Byer was under treatment by other physicians until his death. There was medical testimony that he was weak and fatigued during this period. During the same period, however, the evidence is uncontroverted that Byer's annual income progressively increased. His annual income was $11,847 in 1977; $12,570 in 1978; $17,905 in 1979; and $34,003 in 1980.
Under these facts, we cannot find substantive evidence to support an award for loss of earnings of some $40,000. See Bould v. Touchette, 349 So.2d 1181 (Fla. 1977); Loftin v. Wilson, 67 So.2d 185 (Fla. 1953). Had the jury used the relatively few days that Byer missed work (10 days in 1978 and 7 days in 1980) as a basis for lost earnings, any such prorated amount would have been substantially less than $40,000. Therefore, we reverse for a new trial on the issue of damages.
Since the amount of recovery is a factor properly considered in a judicial determination of an attorney fee under section 768.56, Florida Statutes (1980), which became effective July 1, 1980,[1] we reverse the award of an attorney's fee for reconsideration following determination of a new damage award. We make no finding at this time, however, as to whether or not the amount originally awarded was excessive. Cf. LaFerney v. Scott Smith Oldsmobile, Inc., 410 So.2d 534 (Fla. 5th DCA 1982).
REVERSED and REMANDED FOR NEW TRIAL.
COWART, J., and DANIEL, C. WELBORN, Associate Judge, concur.
NOTES
[1] No challenge as to the constitutionality of this attorney fee statute was raised in this case; therefore, that legal issue is not considered. But see Article I, Section 2, Florida Constitution.