PER CURIAM.
This is an appeal from two final orders of dismissal entered in favor of certain defendants sued below in a medical malpractice, wrongful death action. The plaintiffs’ third amended complaint was dismissed below as to these defendants on the ground that the said action was barred in its entirety, with respect to these parties, by the two-year statute of limitations for medical malpractice actions. § 95.11(4)(b), Fla.Stat. (1979). We affirm in part and reverse in part.
On March 24, 1981, the plaintiffs Ralph and Alice Lipshaw filed a third amended complaint sounding in medical malpractice and wrongful death against the defendants involved in this appeal as appellees;[1] other defendants were also sued but are not parties to this appeal. The plaintiffs brought *993 suit in their individual capacities and in their capacities as co-personal representatives of the estate of their deceased son, Jonathan Lipshaw, alleging two alternative theories of liability.
First, it was alleged that the defendants (directly or vicariously) negligently misdiagnosed the medical condition of the plaintiff’s son Jonathan Lipshaw and thereafter improperly treated him, that the plaintiffs learned of this negligent misdiagnosis on February 25, 1977, and that as a result of this aforesaid medical malpractice Jonathan Lipshaw sustained a permanent disability, loss of earnings and earning capacity, and certain pain and suffering; it was also alleged that the plaintiffs in their individual capacities sustained certain damages due to this medical malpractice, to wit: loss of services and expenses for medical care. It was implicitly asserted in this claim that the medical malpractice sued upon did not result in Jonathan Lipshaw’s death, and that therefore the claim survives Jonathan Lipshaw’s death as a survival claim which may be brought by the plaintiffs as co-personal representatives of the estate of Jonathan Lipshaw; it is also asserted that the plaintiff’s individual derivative claims may be brought as well. We refer hereinafter to this claim as the medical malpractice survival claim. It was first asserted in this cause against these defendants in a first amended complaint filed by the plaintiffs as guardians for Jonathan Lipshaw on January 7, 1981 [and later amended February 10, 1981 in a second amended complaint] during Jonathan Lipshaw’s lifetime.
Second, it was alleged, as an alternative theory of liability in the third amended complaint, that Jonathan Lipshaw died as a result of the aforesaid medical negligence, resulting in certain damages to the estate of Jonathan Lipshaw and to the plaintiffs as the sole survivors [medical expenses, funeral expenses, etc.]. We refer hereinafter to this claim as the wrongful death claim. All agree that Jonathan Lipshaw died on February 11, 1981.
All defendants involved in this appeal, save the defendant National Medical Care of Miami, Inc., d/b/a Highland Park Hospital, filed motions to- dismiss the third amended complaint as being barred by the applicable statute of limitations. The trial court heard and granted these motions in a final order dismissing the entire action as to these defendants based on the above-stated ground. The plaintiffs filed a timely motion for rehearing, later amended, with attached affidavits from both plaintiffs stating that: (a) “on February 25, 1977, I first realized that all of Jonathan Lip-shaw’s previous physicians since December of 1974 had not made the correct diagnosis of Jonathan’s true condition,” [R. 243, 245], and (b) on January 8,1979, during the cross examination of a doctor during the medical mediation proceedings in the cause, “I realized that Dr. Cullen and Dr. Wagshul were negligent”, in this aforesaid misdiagnosis, [R. 243-44, 245-46] and (c) “I later realized that each of the physicians who had eared for and treated Jonathan Lipshaw between December of 1974 and February of 1977 were negligent” in this aforesaid misdiagnosis. [R. 243-44, 245-46]. As part of the rehearing sought herein, the plaintiffs also sought to amend their complaint to conform to these affidavits. The trial court denied the motion for rehearing. Subsequently, the defendant National Medical Care of Miami, Inc. d/b/a Highland Park Hospital, moved to dismiss the third amended complaint herein as being barred by the applicable statute of limitations, which motion was granted by the trial court in a final order of dismissal. The plaintiffs appeal from the two above-stated final orders of dismissal.
I
As to the medical malpractice survival claim, we have no trouble in affirming the dismissal of same as being time barred by the applicable two-year statute of limitations for medical malpractice actions. § 95.11(4)(b), Fla.Stat. (1979). Plainly, this action accrued when — as the plaintiffs allege in their third amended complaint, their proffered fourth amended complaint, and *994 their affidavits filed in support of the motion for rehearing — the medical misdiagnosis sued upon was actually discovered by the plaintiffs on February 25, 1977. On that date, the plaintiffs, by their own admission, were fully aware that the defendants herein had completely misdiagnosed and had rendered inappropriate medical treatment to their son — the acts now sued upon in the third amended complaint. The assertion that the plaintiffs, as claimed, did not realize until much later that these known acts of misdiagnosis and mistreatment were acts of negligence is plainly of no avail to the plaintiffs, as they were long ago on actual notice as to the acts of negligence now sued upon. It therefore follows that the medical malpractice action instituted against the defendants herein on January 7, 1981, when the first amended complaint was filed below — nearly four years after the accrual of said action — was time barred by the applicable two-year statute of limitations for medical malpractice actions. § 95.11(4)(b), Fla.Stat. (1979).
II
As to the wrongful death claim, we reach a different result. We cannot say that this claim accrued, as did the medical malpractice claim, on February 25, 1977, when the alleged negligent misdiagnosis was first discovered by the plaintiffs. Plainly, no wrongful death claim was viable at that time because Jonathan Lipshaw was still alive. The wrongful death action could not and did not accrue until February 11, 1981 when Jonathan Lipshaw died. At that point both the alleged medical negligence (i.e., the negligent misdiagnosis) and the resultant death of the deceased were in fact known to the plaintiffs. As such, the wrongful death action, first asserted in the third amended complaint filed March 24, 1981, was timely filed within the applicable two-year statute of limitations for wrongful death actions, whether that statute be Section 95.11(4)(b) Florida Statutes (1981), Stella v. Ash, 425 So.2d 122 (Fla. 3d DCA 1982); Bruce v. Byer, 423 So.2d 413 (Fla. 5th DCA 1982); Eland v. Aylward, 373 So.2d 92 (Fla. 2d DCA 1979), or Section 95.11(4)(d), Florida Statutes (1981). Perkins v. Variety Children’s Hospital, 413 So.2d 760, 764 (Fla. 3d DCA 1982); compare Hickox v. University Community Hospital, Inc., 384 So.2d 160 (Fla. 2d DCA 1980).
Ill
The orders under review are affirmed insofar as they dismiss the medical malpractice survival claim against the defendants. The orders under review are reversed insofar as they dismiss the wrongful death claim against the defendants, and the cause as to this claim is remanded to the trial court for further proceedings.

. David G. Pinosky, M.D.; Mario Ibanez, M.D.; David G. Pinosky, M.D., P.A.; National Medical Care of Miami, Inc., d/b/a Highland Park Hospital; Robert F. Cullen, M.D.; Variety Children's Hospital; David Fishbain, M.D.; Dade County Public Health Trust d/b/a Jackson Memorial Hospital; Alan M. Wagshul, M.D.; and Lopez, Stewart & Wagshul, M.D., P.A.