445 So.2d 1058 (1984)
Ethel M. PHILLIPS, et Ux., Appellants,
v.
MEASE HOSPITAL AND CLINIC, et al., Appellees.
Nos. 83-411, 83-834 and 83-969.
District Court of Appeal of Florida, Second District.
February 10, 1984.
Rehearings Denied March 2, 1984.
*1059 Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for appellants.
John P. Frazer of Frazer & Hubbard, P.A., Dunedin, for appellee Mease Hosp. and Clinic.
Paula M. Walsh of Woodworth, Carlson, Meissner & Webb, St. Petersburg, for appellee Emerson.
Rodney W. Morgan of Shear, Newman & Hahn, P.A., Tampa, for appellee Fla. Patients Compensation Fund.
CAMPBELL, Judge.
This is an appeal of the trial court's dismissal of a medical malpractice action against appellees Mease Hospital and Clinic (Mease), James David Emerson, M.D. (Emerson), and the Florida Patients Compensation Fund, pursuant to section 95.11(4)(b), Florida Statutes (1981). The summary judgment in favor of Florida Patients Compensation Fund is also appealed. We reverse the decision of the lower court.
Appellants, Ethel M. Phillips and Clyde Phillips, her husband, filed their complaint on September 16, 1982, and alleged that appellees Mease and Emerson treated Mrs. *1060 Phillips for an undisclosed condition for which she was discharged from appellee Mease on December 7, 1976. Appellants further allege that appellees Mease and Emerson negligently administered a variety of drugs to Mrs. Phillips which caused her to suffer eighth cranial nerve damage, hearing loss, loss of balance, kidney damage, and other costs and damages. Appellants allege that Mrs. Phillips was suffering from these injuries when she was discharged from Mease, and that she was readmitted for those conditions on December 9, 1976. Appellants, in an obvious attempt to extend the statute of limitations from two years to seven years, allege that appellees fraudulently and intentionally concealed from appellants the fact that Mrs. Phillips' problems were caused by the administration of antibiotics by appellees Mease and Emerson. Appellants then allege they first became aware of the alleged negligence and fraud in May 1982, when they read of another medical malpractice action based on the negligent administration of the same drugs Mrs. Phillips received.
Appellees filed a motion to dismiss the complaint on the ground that the action was barred on the face of the complaint by the two year statute of limitations in section 95.11(4)(b). The trial court granted the motion to dismiss and stated:
[P]laintiffs allege not that the injury was concealed but that the alleged causation and/or negligence was concealed and it appearing to the Court that the exception to the normal four year Statute of Limitations is based on concealment of the injury and not lack of knowledge of causation and/or negligence and it further appearing, based on the Plaintiffs' Complaint that the knowledge of this injury was observable in December 1976... .
Thus, the trial court dismissed the action on the basis that the limitations period began to run when Mrs. Phillips discovered her physical injuries. Subsequently, a summary judgment was entered in favor of the Florida Patients Compensation Fund, based on the dismissal of the action against the other appellees.
We find that the trial judge's order, as it pertained to appellants' original complaint, was right for the wrong reason. In appellants' attempt to extend the limitation period in their original complaint, they allege that they had knowledge of Mrs. Phillips' condition on her discharge from Mease on December 7, 1976, and her readmission on December 9, 1976. They do not allege how long she was hospitalized or treated after the readmission. They also do not allege how, when or for how long appellees Mease and Emerson fraudulently and intentionally concealed the alleged true cause of Mrs. Phillips' condition, except that it is implied that it occurred on the readmission on December 9, 1976. Therefore, on the face of the original complaint, there was nothing except an implication to extend the limitations period beyond four years from December 9, 1976; there is no allegation as to how long appellants continued to rely upon the implied representations of appellees on December 9, 1976.
Although appellants' original complaint was defective, we find that appellants' proffered amended complaint should survive either a motion to dismiss or summary judgment at this time. The trial judge's order directed to the motion to dismiss of appellees Mease and Emerson contained a somewhat unusual provision. While the order specifically granted the motion to dismiss with prejudice, it also provided that:
[T]he Court will consider a Motion for Rehearing with an attached Amended Complaint that is not inconsistent with the factual pleadings already enunciated by the Plaintiffs in their initial Complaint. Upon receipt of the Motion for Rehearing with the attached Amended Complaint the Court, on its own Motion, will make a ruling as to whether or not the facts alleged in the Amended Complaint avoid the Statute of Limitations requirement set forth in Florida Statute 95.11(4)(b).
Appellants filed a timely motion for rehearing, accompanied by an amended complaint. *1061 The trial court denied the motion for rehearing and entered a final judgment of dismissal. We find this to have been error.
The first portion (part one) of section 95.11(4)(b), provides that a medical malpractice action must be brought within two years from the occurrence of the "incident" giving rise to the action, or within two years from discovery of the "incident," or when the "incident" should have been discovered, but in no event, more than four years from the "date of the incident or occurrence out of which the cause of action accrued." In the last portion (part two) of section 95.11(4)(b), the four year maximum limitations of part one is extended where,
[I]t can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred. (Emphasis supplied.)
We find that the trial court mistakenly restricted the word "injury" in part two of the statute to physical injury. A cause of action in a medical malpractice case necessarily includes a negligent act, omission, or breach of contract, and a resulting injury. Section 95.11(4)(b) defines an "action for medical malpractice" as a claim in tort or in contract for death, injury or monetary loss "arising out of ... diagnosis, treatment, or care." The extension in part two of the statute is for an "injury" not discovered "within the 4-year period" provided in part one of the statute. "Injury" in part two, therefore, must refer also to the "incident" in part one. Reading the statute as a whole therefore requires, in our opinion, that both "incident" (or act) and "injury" must be known and that fraud, concealment or intentional misrepresentation of fact that conceals either will extend the limitations period as provided in section 95.11(4)(b).
Here, appellants saved their cause of action by their amended complaint, and the motion for rehearing should have been granted, the amended complaint allowed, and the motion to dismiss denied. The saving allegations of the amended complaint are that after Mrs. Phillips was discharged from Mease on December 7, 1976, suffering from symptoms indicating "serious injury," she was readmitted on December 9, 1976. Appellants then allege that appellees concealed the cause of Mrs. Phillips' problems and "continued to treat the Plaintiff ... and to intentionally misrepresent to her ... that her problems were ... normal ... and not due to negligent care." Appellants then allege they first became aware of the alleged negligence and fraud on May 17, 1982. These allegations were sufficient to invoke part two of section 95.11(4)(b) so that appellants' cause of action was no longer, on the face of the complaint, barred by the limitations of part one of section 95.11(4)(b). The final judgment of dismissal was in error, as was the resulting summary judgment, as to appellee Florida Patients Compensation Fund.
The issue then becomes a question of fact as to whether appellants discovered, or should have discovered, the alleged negligence of appellees prior to May 1982. Walker v. Dunne, 368 So.2d 640 (Fla. 2d DCA 1979); Swagel v. Goldman, 393 So.2d 65 (Fla. 3d DCA 1981). Assuming there are no new additional undisputed facts, the issue is for a jury and not the proper subject for summary judgment.
Reversed and remanded.
HOBSON, A.C.J., and RYDER, J., concur.