CAMPBELL, Judge.
Appellant, Harry A. Parmenter, as personal representative of the Estate of Curtis J. Parmenter, a minor, seeks review of the order granting a final summary judgment dismissing appellee, Davey Tree Expert Company, from the case. The trial court found that appellant’s claim was barred by the two-year limitation period provided in section 95.11(4)(d), Florida Statutes (Supp. 1980).
This case arose following the death by electrocution of Curtis J. Parmenter on July 10, 1980.
The morning of July 10, 1980, appellant and his son were using appellant’s aerial truck to trim palm trees. This aerial truck had a boom, and attached to the boom was a bucket designed to contain a person. The person inside the bucket could move it around to facilitate the trimming project. The bucket was designed to be insulated so it could not become electrified. According to testimony available to the trial court, the insulation was rated at 25,000 volts.
At the time of the accident, appellant was inside the bucket trimming trees while his son, the decedent, was standing on the ground touching the front part of the aerial truck. The boom came into contact with a power line and electricity ran down the body of the truck and through the body of the decedent.
Tests revealed that the vehicle had been altered by the replacement of an insulated wire with a steel-braided wire, which caused the electricity to flow through the supposedly insulated turret, or bucket, into the body of the truck.
Appellant had purchased the truck used on November 1, 1979. It had been manufactured by Line Equipment Company, Inc., sold to appellee and repurchased by Line Equipment Company, which resold the truck to appellant. When appellant pur *493 chased the truck, all the required documents indicated that appellee was the previous owner. Appellant was also told that the truck had been updated with safety bolts and insulators by appellee.
On July 15, 1981, a complaint was filed against Florida Power & Light Company and Line Equipment Company of North Carolina for the wrongful death of Curtis James Parmenter.
On August 26, 1982, appellee was deposed. Appellant claimed that he was not aware óf appellee’s potential liability until appellee’s deposition was taken. On April 12, 1983, appellant amended his complaint to add appellee as a party defendant.
Appellee filed a motion for summary judgment alleging that the cause of action for wrongful death accrued on July 10, 1980, and that the filing of the wrongful death action against appellee on April 12, 1983, was more than two years after the wrongful death of the decedent and, therefore, the action was barred by the statute of limitations.
On January 20, 1984, the trial court granted appellee’s motion for final summary judgment. The trial court found that appellant had actual notice of the existence and possible liability of appellee prior to the running of the statute of limitations.
On appeal, appellant argues that summary judgment was precluded by the existence of a genuine issue of material fact regarding appellant’s discovery of a possible cause of action against appellee. Appellant claims that contrary to the finding of the trial court, he was not aware of appellee’s potential liability until appellee was deposed on August 26, 1982, subsequent to the running of the statute of limitations. In this particular case, we find that there was clearly sufficient evidence for the trial court to determine that appellant knew or should have known of appel-lee’s potential liability prior to the running of the limitation period in section 95.-ll(4)(d). Cf. Phillips v. Mease Hospital and Clinic, 445 So.2d 1058 (Fla. 2d DCA 1984), pet. for rev. denied, 453 So.2d 44 (1984). Appellant knew at the time of the accident that appellee was the previous owner of the truck, and that appellee had updated the truck with safety bolts and insulators.
Accordingly, we affirm the order of the trial court granting final summary judgment dismissing appellee from the case.
RYDER, C.J., and DANAHY, J., concur.