477 So.2d 40 (1985)
AIR FLORIDA, INC., Appellant/Cross-Appellee,
v.
Richard C. HOBBS, As Personal Representative of the Estate of James C. Hobbs, Jr., Appellee/Cross-Appellant.
No. 84-1352.
District Court of Appeal of Florida, Third District.
October 22, 1985.
*41 Condon & Forsyth, Washington, D.C., Kimbrell, Hamann, Jennings, Womack, Carolson & Kniskern and Thomas E. Scott, Miami, for appellant/cross-appellee.
Wagner, Cunningham, Vaughn & McLaughlin, Tampa, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel Eaton, Miami, for appellee/cross-appellant.
Before HENDRY, BASKIN and FERGUSON, JJ.

REVISED OPINION
BASKIN, Judge.
This is an appeal from a final judgment entered pursuant to a jury verdict in favor of Richard Hobbs, as personal representative of the Estate of James Hobbs [Estate], in this wrongful death action. Air Florida challenges the propriety of the award of $2,000,000 to the Estate for loss of net accumulations. We reverse.
James Hobbs was killed during the tragic crash of Air Florida's Flight 90, in the District of Columbia on January 13, 1982. Following the disaster, decedent's brother, Richard Hobbs, instituted this lawsuit seeking damages for the wrongful death of his brother. He sought to recover damages for, among other things, loss of support and services to decedent's surviving spouse and two minor children as well as loss of net accumulations[*] to decedent's estate. Because Air Florida admitted liability, the cause proceeded to trial solely on the issue of damages. The jury returned a verdict awarding $1,500,000 to the widow and decedent's two minor children for loss of support and services and other intangible damages, and $2,000,000 to decedent's estate for loss of net accumulations. Air Florida filed post-trial motions for new trial and remittitur on the specific issue of loss of net accumulations. Denying these motions, the trial court entered final judgment in accordance with the jury verdict.
Addressing the two points raised by Air Florida on appeal, we find first, contrary to Air Florida's assertion, that there was sufficient evidence in the record to support submission of the claim of loss of net accumulations to the jury. As to its second point, however, we agree with Air Florida that the division of the jury award was unsupported by the evidence. Plaintiff presented testimony of an economic expert that decedent's anticipated earnings from the date of his death through his projected retirement at age 70, minus his personal consumption, would be in excess of $3,000,000. However, the record fails to present any substantial evidence upon which the jury could logically have divided the expert's $3,000,000 estimate between loss of support and services and loss of net accumulations. Although plaintiff's expert witness presented some vague and sketchy testimony concerning decedent's above-average propensity for accumulating money, he offered no opinion concerning the actual value of decedent's net accumulations; in fact, there is no evidence in the record of any figure or of an approximate range of figures upon which the jury could reasonably have based its verdict on net accumulations.
While the evidence may be sufficient to support the total award, we are unable to find sufficient, substantive evidence in the record to sustain the division of the economic loss into awards for loss of support and loss of net accumulations. See Bould v. Touchette, 349 So.2d 1181 (Fla. 1977); Bruce v. Byer, 423 So.2d 413 (Fla. 5th DCA 1982); Nowicki v. School *42 Board of Broward County, 400 So.2d 199 (Fla. 4th DCA 1981); Ellis v. Golconda Corp., 352 So.2d 1221 (Fla. 1st DCA 1977), cert. denied, Peterson v. McKenzie Tank Lines, Inc., 365 So.2d 714 (Fla. 1978). Because the specific jury awards are not predicated on any apparent record support and because the issues of loss of support, loss of services, and other intangible damages, and the issue of loss of net accumulations are inextricably intertwined, see Equitable Life Assurance Society v. Fairbanks, 400 So.2d 550 (Fla. 4th DCA 1981); Lawson v. Swirn, 258 So.2d 458 (Fla. 1st DCA), cert. denied, 263 So.2d 235 (Fla. 1972), the only way in which damages can appropriately be assessed is by a new trial on both damage elements. See Brantley v. Hamilton, 354 So.2d 955 (Fla.3d DCA 1978).
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[*] Sec. 768.18(5), Fla. Stat. (1981), defines net accumulations:

"Net accumulations" means the part of the decedent's expected net business or salary income, including pension benefits, that the decedent probably would have retained as savings and left as part of his estate if he had lived his normal life expectancy. "Net business or salary income" is the part of the decedent's probable gross income after taxes, excluding income from investments continuing beyond death, that remains after deducting the decedent's personal expenses and support of survivors, excluding contributions in kind.