In re KAUFMAN & ROBERTS, INC., Debtor.

Joel TABAS, as Trustee for Kaufman & Roberts, Inc., Plaintiff,

v.

GIGI ADVERTISING PARTNERSHIP, a Florida partnership, and Jorge Sanchez–Galarraga, as Trustee for the Emilio Sauma Trust and as general partner of Gigi Advertising Partnership, Defendants.

Bankruptcy No. 94–10003–BKC–AJC.

United States Bankruptcy Court, S.D. Florida.

Aug. 22, 1995.

Dennis M. Campbell, P.A., Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Florida, for Joel Tabas, Trustee.

Scott Alan Orth, Abrams, Anton, Robbins, Resnick and Schneider, P.A., Hollywood, Florida, for Defendant Jorge Sanchez–Galarraga as Trustee for the Emilio Sauma Trust as General Partner of Gigi Advertising Partnership.

Richard O'Brien, III, Hall and O'Brien, P.A., Miami, Florida, for Debtor.

## ORDER GRANTING TRUSTEE'S MOTION FOR REHEARING, VACATING ORDER OF FEBRUARY 21, 1995, AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

A. JAY CRISTOL, Chief Judge.

**THIS MATTER** came before the Court on March 8, 1995 the Trustee's Motion for Rehearing on this Court's Order Granting Defendants' Motion for Summary Judgment. The Court, having reviewed the Defendant's Motion for Summary Judgment (CP # 30) and Plaintiff's Response in Opposition to Summary Judgment and Supporting Memorandum of Law (CP # 42) and having heard argument of counsel and being otherwise fully advised in the premises, the Court determines that it is appropriate, upon reconsideration, to vacate it's Order of February 21, 1995 (CP # 54) and deny Defendant's Motion for Summary Judgment.

### BACKGROUND

The Debtor, Kaufman & Roberts, Inc., ("Debtor" or "Kaufman & Roberts") petitioned for relief under Chapter 7 of the Bankruptcy Code on January 3, 1994. Jose and Irela Saumat, who also petitioned for relief under Chapter 7 on January 3, 1994, are the shareholders of Kaufman & Roberts. The Saumats were partners in the Gigi Advertising Partnership ("GIGI" or "Defendant") together with Jorge Sanchez–Galarraga ("GALARRAGA" or "Defendant") as trustee for the Emilio Sauma Trust. The Saumats' children are the beneficiaries of the Emilio Sauma Trust. The Chapter 7 Trustee initiated this action on or about July 28, 1994 under § 544(b), claiming that there are unsecured creditors including Transamerica Commercial Finance Corporation ("TRANSAMERICA") who hold allowed claims against the Debtor. The Trustee alleges that approximately $2.5 million in payments by the Debtor to GIGI in 1987, 1988 and 1989 constitute fraudulent transfers or fraudulent conveyances and, that these payments were concealed from TRANSAMERICA and other unsecured creditors. The Amended Complaint avers that because of the concealment, these transfers could not have been discovered until 1992.

Before the Debtor petitioned for relief, it was embroiled in state court litigation with TRANSAMERICA, its largest creditor. Specifically, in February 1990, TRANSAMERICA initiated the action styled *Transamerica Commercial Finance Corp. v. Kaufman & Roberts, Inc., et al.,* Case No. 90–6378–CA (the "state court action") in which TRANSAMERICA sought to replevy collateral in which it held a security interest, sought a deficiency and further sought to recover from the Saumats on their guaranties of Kaufman & Roberts' indebtedness. In May 1992 TRANSAMERICA asserted fraudulent transfer and fraudulent conveyance claims in the state court action for the purpose of setting aside the very same transfers that are the subject of the instant adversary proceeding.

Kaufman & Roberts and the Saumats filed their bankruptcy petitions on January 3, 1994, the morning of jury selection in the state court action. The state court action was stayed in accordance with 11 U.S.C. § 362.

### APPLICABLE LAW AND ARGUMENT

Defendant moved for summary judgment on several grounds. First, Defendant main-

tained that application of § 726.101, *Fla.Stat.* (1993) to transfers occurring in 1988 and 1989, represented an unconstitutional retroactive application of the statute.[1] Second, Defendant contended that the four year statute of limitations set forth in Fla.Stat. § 726.110 barred the Trustee from bringing an action for any claims relating to fraudulent transfers prior to 1990. Defendant further argued that even if there was concealment, Plaintiff's Amended Complaint reflects that the transfers were discoverable in May 1992. Hence, since this action was filed in July 1994, it was time barred. Lastly, Defendant argued that the state court action may be the appropriate forum.

## I. PURPORTED RETROACTIVE APPLICATION OF THE STATUTE

■ In paragraph 20 of the Amended Complaint, Plaintiff cites to § 726.101, *Fla. Stat.* (1993). Defendant argues that to apply § 726.101 *Fla.Stat.* (1993) to transfers occurring in 1988 and 1989 represents an unconstitutional retroactive application of the statute. The Court disagrees. This statute was enacted in 1988 and the applicable provisions have not been amended since that time. Therefore, Plaintiff's reference to the 1993 version of this statute, as opposed to the 1988 or 1989 version, is immaterial and has no bearing on Defendant's liability. Accordingly, Defendant's first ground for summary judgment is denied.

## II. THE STATUTE OF LIMITATIONS

■ The Trustee's complaint is based upon § 544(b) of the Code, which provides the following:

> (b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544(b).

Therefore, § 544(b) creates a power of avoidance in the Trustee to avoid any trans-

fer of an interest of the debtor that is voidable under state or federal non-bankruptcy law by a creditor holding an unsecured claim. *In re Topcor, Inc.,* 132 B.R. 119 (Bkrtcy. N.D.Tex.1991). In the case at hand, the Trustee alleges that the transfers are voidable pursuant to § 726.105(1)(a) Fla.Stat.

Defendant argues that the four-year statute of limitations set forth in *Fla.Stat.* § 726.110(1) bars the Trustee from maintaining an action for fraudulent transfers prior to 1990. Fla.Stat. § 726.110(1) provides the following:

> A cause of action with respect to a fraudulent transfer or obligation under §§ 726.101–726.112 is extinguished unless action is brought:
>
> (1) Under § 726.105(1)(a), **within 4 years after the transfer was made** or the obligation was incurred **or, if later, within 1 year after the transfer or obligation was or could reasonably have been discovered by the claimant;** (emphasis added).

■ The general rule is that § 544(b) confers upon the trustee no greater rights of avoidance than the creditor himself would have if he were asserting invalidity on his own behalf. Consequently, if the creditor is barred from recovery because of the running of a statute of limitations prior to the petition date, the trustee is likewise rendered impotent. In other words, as long as the state law statute of limitations has not expired prior to the debtor's filing for bankruptcy, the trustee may bring an avoidance action under § 544(b).

Given that the alleged fraudulent transfers occurred in 1987, 1988 and 1989, the latest an action could be brought under Florida law was 1993 *or,* one year after the transfer could reasonably have been discovered. The Trustee argues that because Debtor and GIGI concealed fraudulent transfers from creditors, the statute of limitations was tolled until such time as one could reasonably have

---

1. No challenge was made to the applicability of the fraudulent conveyance statute to the 1987 transfers.

discovered the transfers.[2] Therefore, the Trustee argues, if a *single* unsecured creditor was unaware of these fraudulent transfers due to concealment, the Trustee is not barred from the claims in this case for the transfers in 1987, 1988 and 1989 because the claims were viable on the date of filing the petition.

The Amended Complaint identifies two sets of claimants whose rights the Trustee invokes for the purpose of pursuing litigation. First, is TRANSAMERICA, an entity holding an unsecured claim and upon whose 1992 state court action against Kaufman & Roberts the Trustee seeks to piggyback. Second, is any unsecured creditor who was unaware of the fraudulent transfers due to concealment as of the date of the petition. The rights of each warrant discussion.

### A. Transamerica's claim

In this Court's Order of February 21, 1995, the Court determined that, without deciding that the Trustee could take over TRANS-AMERICA's state court litigation pending against the Defendant, there is nothing in the Code or the Rules which provides that the Trustee can then *ipso facto* file a brand new law suit when the statute of limitations had expired by the petition date. The Court further determines that while the right to bring a cause of action had extinguished by 1994 to set aside fraudulent transfers which took place in 1987, 1988 or 1989, TRANS-AMERICA was a creditor that still had a *viable claim* against the Debtor that was not time barred at the time the bankruptcy petition was filed—the state court action.

This precise issue was addressed in *In re Andersen*, 166 B.R. 516 (Bkrtcy.D.Conn. 1994) by Chief Bankruptcy Judge Alan Schiff. As in the instant case, a creditor brought a timely fraudulent transfer action against the debtor's wife in Connecticut Superior Court. While the action was pending,

the debtor petitioned for relief under Chapter 7. The Trustee then initiated an adversary proceeding in Bankruptcy Court seeking to attack the same transfer. The debtor's wife claimed that the Trustee's action was barred because the five-year statute of limitations had expired pre-petition. Judge Schiff rejected the statute of limitations defense, commenting: "It is apparent from the plain language of § 544(b) that if a creditor has a cause of action which is not time barred, the trustee's derivative action under § 544(b) is likewise not time barred." 166 B.R. at 523.

Under § 544(b), "a trustee must establish the existence of a creditor with **a viable cause of action** against debtor that is not time-barred or otherwise invalid." (emphasis added) *In re McDowell*, 87 B.R. 554, 558 (Bkrtcy.S.D.Ill.1988). The fact that TRANSAMERICA's claim had not expired as of the petition date, and in fact was not only viable but was being pursued in state court before the debtor filed a bankruptcy petition enables the Trustee to pursue the claim in this Court. Just as the *Andersen* Court held that where a creditor has a cause of action which is not time barred, the trustee's derivative action under § 544(b) is likewise not time barred, so too does this Court determine that TRANSAMERICA'S derivative action under § 544(b) is not time barred. Therefore, because the state court action was initiated within four years of the 1988 and 1989 transfers, the Trustee's claim is viable. As to the 1987 transfers, it appears that there are material factual disputes concerning possible concealment which bars entry of a summary judgment.[3]

### B. Other Unsecured Claimants

The second potential claimant identified in the Amended Complaint is any unsecured creditor. The Trustee argues that providing there is a single unsecured creditor whose rights to pursue fraudulent transfer

**2.** Under Florida law, the statute of limitations is tolled during the period of concealment. *Fla. Stat.* § 95.11(3)(j).

**3.** The Saumats and Kaufman & Roberts engaged in two years of discovery battles in the state court action before the pertinent documents were turned over to Transamerica. (The initial

request for production to Kaufman & Roberts was propounded in February 1990 and was not complied with until 1992). Transamerica asserted the fraudulent transfer and fraudulent conveyance claims in the state court action within weeks of receiving the records.

**314**

claims have not been extinguished, the Trustee is entitled to pursue such claim. Defendant argued, and the Court agreed in its Order of February 21, 1995, that if the law could be construed or interpreted to mean that the statute of limitations does not begin to run until the last creditor of a debtor knows of a fraudulent transfer, then the statute of limitations would be rendered virtually meaningless. A cause of action would arguably exist in perpetuity. It is clear that as of May 1992 a complaint was on file in Dade County Florida, the county of Debtor's principal place of business, under which the creditor brought substantially similar claims and causes of action against the same Defendant. "Mere ignorance of the easily discoverable facts which constitute the cause of action will not postpone the operation of the statute of limitations as to the party Plaintiffs." *Nardone v. Reynolds*, 333 So.2d 25 (Fla.1976).

 However, the Court determines upon reconsideration that the reasonableness of the efforts of other unsecured creditors to uncover the fraudulent transfers and the issue of whether all other creditors knew or should have known about the fraudulent transfers as of May 1992 would best be determined at trial and not on summary judgment. The question of whether there was fraudulent concealment and whether due diligence was exercised to learn facts are questions of fact which should be determined by a trial. *Board of Trustees of Santa Fe Community College v. Caudill Rowlett Scott, Inc.*, 461 So.2d 239 (Fla. 1st DCA 1984); *Walker v. Dunne*, 368 So.2d 640 (Fla. 2d DCA 1979). Plaintiff has furnished record evidence reflecting attempts by TRANSAMERICA to determine the structure of the partnership, the timing and amounts of the transfers and the extent of any consideration that was provided for the transfers. These discovery documents and orders demonstrate that a factual dispute exists on this concealment issue.

### III. SECTION 546 NOT A BAR TO TRUSTEE'S CLAIM

 Defendant has also asserted that the Trustee is time barred under § 546(a). The Trustee's ability to pursue this action is not unlike claims under 11 U.S.C. § 548(a). Under § 548(a), the Trustee can set aside transfers that occur within one year of the filing of a bankruptcy petition. Such an action must be brought within two years from the appointment of the Trustee under 11 U.S.C. § 546(a). Similarly, the Trustee has two years within which to initiate § 544(b) claims that were in existence as of the date of the bankruptcy petition. The Defendant's argument in this regard is without merit. Section 546(a) does not bar the claim.

### IV. AN ALTERNATIVE FORUM

 Defendant has asserted that the state court action is duplicative and that the Trustee should be required to pursue any claim under Florida law in that forum. The Court disagrees. The fraudulent transfer and fraudulent concealment claims represent core matters over which this Court has original but not exclusive jurisdiction. 28 U.S.C. § 1334. Because of this Court's concurrent jurisdiction with the state court, the Trustee may intervene in the state court action. He also may either remove the state court action in accordance with Fed.R.Bkrtcy.P. 9027 or, pursue the fraudulent transfer claims in an adversary proceeding in this court. Thus, the Trustee has numerous procedural options available to utilize his avoidance powers under the facts of this case. Further, this Court may entertain an abstention motion or stay motion because of the pending of the state court action.

Accordingly, upon reconsideration and, based upon the above facts and legal analysis, it is

**ORDERED:** that

1. This Court's Order of February 21, 1995 granting Defendant's Motion for Summary Judgment is VACATED and Defendant's Motion for Summary Judgment is DENIED.

**DONE and ORDERED.**