LEVY, Judge.
A cruise line appeals from a final judgment entered against it in connection with a seaman’s claim for retaliatory discharge, negligence, and unseaworthiness. The seaman cross-appeals and requests an additur, or in the alternative, a new trial on the issue of damages for his negligence and unseaworthiness claims. Because we find there is no evidence in the record to support the seaman’s claim for retaliatory discharge, we reverse and remand to the trial court for a new trial on the issue of damages as they pertain to the negligence and unseaworthiness claims.
In 1987, Kloster Cruise Lines d/b/a Norwegian Caribbean Cruises (“Kloster”) hired Pa-terio Taay (“the seaman”) to work as a fish cook aboard one of its cruise ships. Kloster and the seaman entered into a series of written twelve-month employment contracts.
On February 28, 1995, the seaman injured his knee during an emergency lifeboat drill. The seaman sought medical care from the ship’s medical staff. When the ship returned to Miami, the seaman was referred to Dr. Tarr, an orthopedic surgeon retained by *1234 Kloster. The seaman underwent knee surgery on March 10, 1995. Additionally, as part of his recovery, he underwent physical therapy.
On October 31, 1995, Dr. Tarr determined the condition of the knee had improved and suggested the seaman return to work. Thereafter, on November 2, 1995, Kloster ordered the seaman to report to work on November 11,1995.
Meanwhile, the seaman had retained an attorney who referred him to another orthopedic surgeon, Dr. Ticktin. On November 3, 1995, the seaman’s attorney sent Kloster a letter indicating the seaman required further therapy, per Dr. Ticktin’s orders, and was unable to return to work. Consequently, when the seaman reported for work on November 11, 1995, Kloster’s medical administrator met with him and informed him he should complete the additional therapy before returning to work. The seaman continued physical therapy with Dr. Ticktin.
On November 21, 1995, the seaman filed a six-count complaint against Kloster alleging Jones Act negligence, unseaworthiness, failure to provide maintenance and cure, failure to treat, wages and penalties under 46 U.S.C. § 10313, as well as retaliatory discharge.[1] The seaman never returned to work.
The case proceeded to jury trial. At the close of the seaman’s case-in-chief, Kloster moved for a directed verdict as to the claim for retaliatory discharge. The trial court denied the motion and allowed the issue to be submitted to the jury. The jury returned a verdict in the case and found that the cruise line was responsible for $15,000.00 in damages to the employee because the ship on which his injury occurred was unseaworthy. The jury found that the cruise line owed the employee $280.50 for maintenance and cure. Finally, the jury found that the cruise line had discharged the employee in retaliation for his personal injury suit and awarded $201,780.00 in damages. The cruise line renewed a motion for directed verdict and alternatively moved for entry of judgment notwithstanding the verdict. In addition, the cruise line renewed a motion for mistrial, and in the alternative, moved for a new trial. The trial court denied these motions. This appeal ensued.
We reverse the Final Judgment on the issue of retaliatory discharge and remand for a new trial on the issue of damages as they pertain to the negligence and unseaworthiness claims.
To prevail on a claim for retaliatory discharge, a seaman must first establish that the employer’s decision to discharge him was motivated, in substantial part, by the knowledge that the seaman intends to, or has, filed a personal injury action against the employer. See Smith v. Atlas Off-Shore Boat Service, Inc., 653 F.2d 1057 (5th Cir. Unit A Aug.1981).
The record is devoid of any evidence to support the seaman’s retaliatory discharge claim. In fact, the evidence suggests Kloster did not discharge the seaman. The record shows that on November 2, 1995, Kloster sent the seaman a letter asking him to return to work on November 11, 1995.[2] On November 3,1995, Kloster received a response from the seaman’s attorney, with a copy of a prescription from Dr. Ticktin, stating that the seaman was not “fit for duty” and required additional therapy. As a result, when the seaman presented himself on November 11, 1995, Kloster’s medical administrator told him he should continue his therapy as prescribed by Dr. Ticktin. In effect, Kloster acquiesced to the requests of the seaman’s attorney and treating physician.
The seaman contends that Kloster failed to notify him that he could return for duty as Kloster had done in November, 1995. However, in November, 1995, Kloster was notified by Dr. Tarr that the seaman could return to work. There is no evidence in the record that Dr. Ticktin, the seaman, or the seaman’s attorney ever notified Kloster the seaman was ready to return to work. The seaman, his doctor and his attorney have taken the *1235 position throughout the course of this case that, as a result of his injury, he is not “fit for duty” aboard a ship. Since the seaman was not discharged, there can be no claim of retaliatory discharge. Accordingly, we reverse the final judgment entered below with respect to the claim for retaliatory termination. Because of the possibility that some of the damages to which the jury believed that the employee was otherwise entitled were listed under the retaliatory termination claim, in addition to reversing the judgment against the cruise line for retaliatory termination, (due to insufficient evidence to support that claim), this case is remanded to the trial court for a new trial on damages only as to the employee’s claims other than the retaliatory discharge claim. See Air Florida Inc. v. Hobbs, 477 So.2d 40 (Fla. 3d DCA 1985).
Reversed and remanded.

. The "failure to treat” and the "wages and penalties” claims were dropped prior to trial.

. There is evidence in the record that as early as April, 1995 Kloster was aware the seaman was represented by counsel in relation to his personal injury claim against it.