PER CURIAM.
Appellant, who in 1963 instituted this action against appellee-attorneys for damages occasioned by an omission in a title •opinion prepared by appellees ten years •earlier, appeals a judgment on the pleadings based upon appellees’ defense of the •statute of limitations. While it is not ■clear from the record here whether appel-lees relied upon the limitation embodied in Fla.Stat. 95.11(4), F.S.A., or upon the arguably applicable limitation in Fla.Stat. 95.-11(5) (e), F.S.A., it is clear that the facts alleged do not, contrary to appellant’s argument, bring the cause within the limitation of Fla.Stat. 95.11 (5) (d), F.S.A. In any, event, it may be assumed, arguendo, that the four year limitation of Fla.Stat. 95.-11(4), F.S.A., was pleaded and underlay the determination here appealed.
In urging error in the lower court’s determination, appellant relies upon three contentions, the argument, heretofore deemed unmeritorious, that the action was for fraud and the additional arguments that he was “blamelessly ignorant” of appellees’ error prior to 1961 and that, in any case, the judgment on the pleadings was premature. We find merit in the latter contention and are impelled to reverse the judgment and remand the cause for further proceedings.
The right in which appellant sued, whether ex contractu or ex delicto, was ■clearly not one created and inherently limited by statute and the limitation raised by appellees is not a limitation of appellant’s right but of his remedy. Accordingly, appellant was under no duty to negative the possible application of the statute of limitations until the statute was pleaded as an affirmative defense. Proctor v. Schomberg, Fla.1953, 63 So.2d 68. When the statute was raised in defense, appellant should then by pleading, if permitted, or by proof demonstrate, if he can, that the statute was tolled or that his case represents an exception to the statute. Courtlandt Corp. v. Whitmer, Fla.App.1960, 121 So.2d 57. Cf. Proctor v. Schomberg, supra; Tuggle v. Maddox, Fla.1952, 60 So.2d 158; Punta Gorda Bank v. State Bank of Ft. Meade, 1906, 52 Fla. 399, 42 So. 846. Entry of a judgment on the pleadings, both depriving appellant of any opportunity to respond to the defense and, in effect, entering judgment on a defense deemed to be controverted under Rule 1.8(e), 1954 Rules of Civil Procedure, 30 F.S.A., was erroneous.
Upon the necessary remand of this cause, the lower court may find it expeditious to order, pursuant to Rule 1.7(a), 1954 Rules of Civil Procedure, that appellant reply to the Answer and then to determine the issues on the pleadings or, if necessary, upon further development of the facts.
Reversed and remanded.
ALLEN, Acting C. J., SHANNON, J., and SMITH, D. C., Associate Judge, concur.