ANDREWS, Acting Chief Judge.
This is an appeal by the plaintiff, A & G Aircraft Service, Inc., from a final, summary judgment entered for the defendants, William Johnson, Wiliie M. Wall and Chet Maier.
On the 28th day of May 1964, plaintiff filed its complaint alleging that defendants had negligently parked an aircraft in their possession upon the premises of plaintiff so-as to allow the plane to be blown by the winds in such a manner as to inflict damage upon certain aircraft of plaintiff as well as damage to the hangar building. The complaint stated that the injury occurred on May 26, 1961.
Defendants filed an answer pleading the statute of limitations and specifically pleaded subsection (b) and (c) of F.S. § 95.-11(5), F.S.A.[1]
Plaintiff, with leave of court, amended its complaint by including the allegation: “That the institution of this suit was delayed to the date of the filing of the same with the acquiescence, leave, consent and at the request of the Defendants, and for the benefit of the said Defendants.”
The trial court granted defendants’ motion for summary judgment and we affirm.
Plaintiff had the burden of proving facts establishing an estoppel. Boulevard National Bank of Miami v. Gulf American Land Corporation, Fla.App.1965, 179 So.2d 584. See Young v. Williamson, Fla.App.1964, 169 So.2d 856. The unsworn allegations of the amended complaint constituted legal conclusions and were not evidence of any fact. Martin v. E. A. McCabe & Company, Fla.App.1959, 113 So.2d 879. Since plaintiff did not present affidavits in support of the genuineness of the complaint or affidavits in opposition showing that it could not “for reasons stated present by affidavit facts essential to justify * * * opposition”, the trial judge properly entered summary judgment for de *76 fendants. Herring v. Eiland, Fla.1955, 81 So.2d 645; Boulevard National Bank of Miami v. Gulf American Land Corporation, supra.
Affirmed.
WALDEN, J., and TROWBRIDGE, C. PFEIFFER, Associate Judge, concur.

. F.S. § 95.11, F.S.A. Limitations upon actions other than real actions
(5) Within three years.
(b) An action for trespass upon real property;
(e) An action for taking, detaining or injuring any goods or chattels, including actions for the specific recovery of personal property.