343 So.2d 636 (1977)
Robert GREEN, Individually, and Green Crane Service, Inc., a Florida Corporation, Appellants,
v.
John H. ADAMS et al., Appellees.
No. 75-775.
District Court of Appeal of Florida, Fourth District.
February 18, 1977.
Rehearing Denied April 7, 1977.
*637 Robert J. Stinnett of Stinnett, Surfus & Martin, Sarasota, for appellants.
Dell & Smith, P.A., and Marjorie D. Gadarian of Jones, Paine & Foster, P.A., West Palm Beach, for appellees.
DOWNEY, Judge.
The main point on appeal as stated by appellants is:
Where an amended complaint is filed after the statute of limitations has run which merely corrects a mistake in the middle initial of a party's name, the amendment relates back to the time of filing of the original complaint.
In our opinion we need not reach that point because the entry of a summary judgment in this cause was not appropriate; but if it were, leave to amend should have been granted.
On December 12, 1973, appellants filed their complaint for negligence against John R. Adams and the appellee insurance companies. On December 28, 1973, before any process was issued or responsive pleadings filed, appellants filed their amended complaint against John H. Adams and the appellee insurance companies. Both complaints were identical except for the middle initial of the individual defendant.
The thrust of both complaints was that appellants had employed Adams as a lawyer to incorporate Green's business and to issue certain classes of stock to Green and one Strout; that Adams had negligently issued the stock in the wrong names, and on December 24, 1969, he negligently allowed Strout to remove the corporate records and stock certificates from Adams' office. Appellants allege they were injured as a result of the negligent act.
After the Clerk of the Circuit Court issued process on October 18, 1974, appellees filed an answer denying the material allegations of the complaint and affirmatively alleging the statute of limitations. On November 26, 1974, appellees filed a motion for summary judgment, attaching to the motion the affidavit of appellee Adams stating, in essence, that he had been available for service of process in Palm Beach County since he was originally employed by appellants as alleged in their amended complaint.
The court heard the motion for summary judgment upon the plaintiffs' amended complaint, defendants' answer, and Adams' affidavit. Some weeks after the hearing, but before the summary judgment under review was entered, appellants filed a motion for leave to file an affidavit and attached to said motion an affidavit of appellant Robert Green. Among other things, the affidavit stated that neither Green nor any other officer of Green Crane Service, Inc., had knowledge of the effects of the negligent delivery that occurred December 24, 1969, "until on or about January 15, 1970."
In Florida it is clear that the statute of limitations on a cause of action for a lawyer's negligence begins to run when the client has notice or knowledge of the negligent act. Downing v. Vaine, 228 So.2d 622 (Fla. 1st DCA 1969), approved in Edwards v. Ford, 279 So.2d 851 (Fla. 1973). Nothing in the pleadings or proof before the trial judge at the time the motion for summary judgment was heard reflects the required knowledge by the appellants which would trigger the running of the statute of limitations. The burden of proof was on appellees as the movants to show conclusively that there was no genuine issue of fact that the statute of limitations had expired before the filing of the amended complaint against appellees on December 28, 1969. See, e.g., Visingardi v. Tirone, 193 So.2d 601 (Fla. 1967). This they failed to do. And appellants' tardy attempt to demonstrate that there was a genuine issue of fact by showing the statute of limitations had not run was unnecessary. Until appellees by competent proof conclusively showed when the statute of limitations commenced to run and that it had in fact expired appellants had no obligation to come forward with any proof. Therefore, summary judgment should not have been entered.
But even if the appellees had made such a showing, when the trial court *638 learned from appellants, via the tardy affidavit,[1] that appellants reasonably might have a cause of action which was not barred by the statute of limitations, the court should have granted appellees' motion for summary judgment with leave to appellants to file an amended complaint clearly setting forth the facts which would show a viable cause of action. See Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla. 1963) and other cases cited at 30 Fla.Jur., Summary Judgment, § 30.
Accordingly, the summary judgment appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED with directions.
MAGER, C.J., and TEDDER, GEORGE W., Jr., Associate Judge, concur.
NOTES
[1] This consideration of the affidavit is not to be confused with treating it as an attempt to demonstrate the existence of a genuine issue of fact which would preclude entry of a summary judgment.