GRIMES, Judge.
In this case the appellants attack the propriety of the procedure which was followed in the entry of a judgment on the pleadings against them on their third-party complaint.
The case began as a mortgage foreclosure in which the owner, the contractor and several subcontractors and materialmen were joined as defendants. The appellants operating as a joint venture under the name of American Prefabricated Structures Company filed cross-claims against the owner and the contractor and filed a third-party complaint against Cincinnati Insurance Compa *1162 ny. American Prefab alleged that it had provided services and materials to the construction of a project on the property being foreclosed and had not been paid. Relief was sought against Cincinnati Insurance Company because it had written a performance and payment bond on the construction of the project.
The surety company’s answer to the third-party complaint contained a general denial and two affirmative defenses. Neither of the affirmative defenses dealt with whether the third-party complaint had been timely filed. American Prefab filed a reply to both affirmative defenses. Thereafter, the surety company made a motion for judgment on the pleadings asserting only that since there was no genuine triable issue as to any material fact, it was entitled to judgment as a matter of law. Thereafter, the court entered judgment on the pleadings in favor of the surety company on the premise that the third-party complaint had not been filed against the bond within one year of the performance of the labor or completion of the delivery of materials and supplies as required by Section 713.23, Florida Statutes (1975).
American Prefab contends, and we agree, that the motion for judgment on the pleadings should not have been granted because the pleadings did not reflect a limitations defense. The only way in which one might conclude that the third-party complaint was untimely filed was by reference to a copy of a claim of lien attached thereto which indicated that the last labor, services or materials had been supplied on a date which was more than a year before the third-party complaint was filed. The surety company could have filed a motion to dismiss pursuant to Fla.R.Civ.P. 1.110(d) on the ground that the affirmative defense of the statute of limitations appeared on the face of the third-party complaint, but it did not do so. Had such a motion been filed and granted, the rule would have permitted American Prefab to amend. Likewise, the statute of limitations could have been interposed as an affirmative defense in the answer, but this was not done either.
The statutory requirement of instituting suit within one year was not a limitation of a right but of a remedy. Young v. Williamson, 169 So.2d 856 (Fla.2d DCA 1964). Therefore, it was improper to grant a judgment on the pleadings predicated upon this defense when no such defense was raised by the pleadings.
The only way in which this judgment might be sustained would be to hold that the granting of the motion constituted harmless error in view of the fact that American Prefab had an opportunity to argue the inapplicability of the statute at the hearing on its motion for rehearing. Admittedly, American Prefab made a weak showing in its motion for rehearing that it could have gotten around the statute of limitations if properly pled on grounds of estoppel and acknowledgment of the obligation. However, as American Prefab’s attorney points out, at this point in the litigation he had only ten days within which to file a motion for rehearing and to assert whatever he could to avoid the limitations argument. Had the statute of limitations been pled as it should have, American Prefab would have been alerted to the defense and would have had the opportunity to proceed in an orderly manner by way of discovery toward the development of evidence which might obviate the limitations defense. We have come a long way in simplifying the requirements of pleading, but we have not done away with the necessity of pleading those matters which form the issues upon which the ease is to be decided.
The judgment is reversed for further proceedings in which the surety company should be permitted to amend its answer to raise the statute of limitations and American Prefab can file its reply thereto.
BOARDMAN, C. J., and OTT, J., concur.