369 So.2d 625 (1979)
Olivene G. GLASS, Individually and As Personal Representative of the Estate of Gilbert M. Glass, Jr., Deceased, Appellant,
v.
J.A. CAMARA, Appellee.
No. KK-343.
District Court of Appeal of Florida, First District.
March 20, 1979.
Rehearing Denied May 4, 1979.
*626 Edwin A. Green, II, Tallahassee, for appellant.
Ray L. Wilson, Jacksonville, for appellee.
SMITH, Judge.
Plaintiff appeals from a final summary judgment for the defendant physician. The trial court held that plaintiff's action for the wrongful death of her husband, allegedly the result of inadequate medical diagnosis of his cancer, was barred by the two-year statute of limitations. Section 95.11(4), Florida Statutes. If the two-year limitation period began to run on the date of death, May 29, 1974, the action was barred when filed on July 25, 1977. In the interim plaintiff lost the benefit of tolling the running of the statute by medical mediation proceedings, because the action was not filed within 60 days after termination of the mediation panel's jurisdiction. Section 768.44(4), Florida Statutes (1977); Perkins v. Pare, 352 So.2d 65 (Fla. 4th DCA 1977).
Construing Section 95.11(6), Florida Statutes (1973), this court held that the two-year limitation period on a wrongful death action for medical malpractice runs from the date of death although in case of injury only the period does not begin until plaintiff discovers or reasonably should discover the injury. Fletcher v. Dozier, 314 So.2d 241 (Fla. 1st DCA 1975). Fletcher's construction of Section 95.11(6), Florida Statutes (1973), was hinged to that statute's clear distinction between actions for wrongful death and actions for "injuries to the person."
An amendment to Section 95.11(4) in 1974 partially removed the language on which Fletcher was based. No longer did Section 95.11(4)(a) confine the benefit of a postponed limitation period, in case of excusable ignorance, to claims for "injuries to the person" by malpractice. The 1974 amendment of Section 95.11(4)(a) seemingly extended that benefit to all persons having an undiscovered cause of action for professional malpractice, although Section 95.11(4)(d) continued to provide separately, without qualification, for a two-year limitation on "[a]n action for wrongful death." Whatever would be the proper construction of the *627 1974 legislation, comprehensive 1975 amendments to Section 95.11(4)[1] made clear that the two-year statute does not begin to run on any action for medical malpractice, whether resulting in injury or in death, until "the cause of action is discovered or should have been discovered with the exercise of due diligence." The 1975 amendments provide a four-year limit on undiscovered causes of action in the absence of fraud, concealment, or misrepresentation, providing that "in no event shall the action be commenced later than four years from the date of the incident or occurrence out of which the cause of action accrued." Plaintiff urges that the 1975 statute be applied retrospectively to preserve her cause of action which accrued May 29, 1974, but was not sued on until July 25, 1977. Plaintiff's husband had not been dead two years when the 1975 legislation became effective to postpone the running of the limitation period on undiscovered causes of action for wrongful death by medical malpractice. We have held that a legislative lengthening of the period of limitations inures to the benefit of a claimant whose pre-existing claim is not yet barred by the former, shorter limitation period. Mazda Motors of America, Inc. v. S.C. Henderson & Sons, Inc., 364 So.2d 107 (Fla. 1st DCA 1978).
There is good reason for extending the benefit of Mazda to medical malpractice claimants, who are deterred in suing within two years after accrual of the cause of action by 1975 legislation making medical mediation a condition precedent. Section 768.133, Florida Statutes (1975); Section 768.44, Florida Statutes (1977). In compliance with the medical mediation statute, plaintiff filed a complaint for medical mediation on May 26, 1976, within two years of her husband's death. If plaintiff had been privileged to maintain this action without first demanding mediation, the filing of this action on May 26, 1976, would have been timely by any reading of Section 95.11(4). Because plaintiff's pre-existing cause of action was thus burdened with conditions precedent to suit imposed by the 1975 Legislature, it is appropriate also to extend to her all beneficial extensions of the time for suit, including postponement of the limitation period until the cause of action is reasonably discoverable, which were enacted by the same session law. Chapter 75-9, Sections 5, 7, Fla.Laws.
This record contains no pleading or evidence suggesting when plaintiff discovered or should have discovered her asserted cause of action for her husband's death on May 29, 1974. The issue is therefore whether, on this appeal from a defendant's summary judgment, the consequences of a silent record should be visited upon the plaintiff or the defendant.
A record that is silent on a determinative issue of fact forecloses summary *628 judgment, for the movant's burden is to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla.R.Civ.P. 1.510(c). One would expect to find the "material" facts, concerning which all issues must be dispelled, in the pleadings whose office it is to make issues. In this case the pleadings are silent. Defendant affirmatively pleaded the bar of the statute of limitation in language even more conclusory and imprecise than that countenanced by Fla.R.Civ.P. form 1.965[2]; defendant simply invoked the asserted bar of Section 95.11 and did not aver either that the action was filed more than two years after the cause of action accrued or that the action was filed more than two years after plaintiff discovered or should have discovered the asserted cause of action. Nor did plaintiff by reply seek to avoid the affirmative defense; she did not allege that she was excusably ignorant of the cause of action until within two years of filing. Fla.R. Civ.P. 1.100(a). Plaintiff interposed a wholly superfluous denial of the affirmative defense. See Trawick, Florida Practice and Procedure, section 11-6 (1978). In these circumstances the record's silence was no impediment to a summary judgment for defendant if plaintiff's knowledge or excusable ignorance of her cause of action was "immaterial" because not pleaded by plaintiff. But the summary judgment was improper if proof of plaintiff's knowledge of the cause of action, or her means of knowledge, was essential to defendant's establishment of the affirmative defense.
We hold that a defendant invoking the two-year limitation period prescribed by Section 95.11(4)(b) for medical malpractice actions must demonstrate that the action was commenced beyond two years after "the time the cause of action [was] discovered or should have been discovered with the exercise of due diligence." Section 95.11(4)(a). So holding, we distinguish a line of Florida cases holding that the waiver or tolling of a statute of limitation, otherwise running continuously from the time the cause of action accrued, is a matter of avoidance which plaintiff must plead by reply to the affirmative defense. Tuggle v. Maddox, 60 So.2d 158 (Fla. 1952); Proctor v. Schomberg, 63 So.2d 68 (Fla. 1953); Akin v. City of Miami, 65 So.2d 54 (Fla. 1953); A & G Aircraft Service, Inc. v. Johnson, 192 So.2d 74 (Fla. 4th DCA 1966); Young v. Williamson, 169 So.2d 856 (Fla. 2d DCA 1964). See also Trawick op. cit. supra, Sections 11-6 and 11-7; Bullen and Leake, Precedents of Pleadings at 631 et seq. (7th ed. 1915); and 54 C.J.S. Limitations of Actions §§ 375-77. Those authorities yet govern the pleading and proof of such matters as fraud, concealment, incompetency, absence from the state of the person to be sued, and recent acknowledgment of a debt otherwise barred;[3] and a plaintiff seeking to avoid a statute of limitations in whole or part on one of those grounds must reply to avoid the affirmative defense, in order to set up a paper issue to which defendant's motion for summary judgment may be addressed.
Our decision is supported by Cowan v. Turchin, 270 So.2d 449 (Fla. 4th DCA 1972), Petroleum Products Corp. v. Clark, 248 So.2d 196 (Fla. 4th DCA 1971), and Green v. Adams, 343 So.2d 636 (Fla. 4th DCA 1977), cert. den., 353 So.2d 673 (Fla. 1977), construing statutes which like Section 95.11(4) postpone the running of the statute until plaintiff has notice of the legal injury. Contrast Houston v. Florida-Georgia Television Co., 192 So.2d 540 (Fla. 1st DCA 1966), in which notice to the plaintiff was held immaterial, due to the nature of the cause of action. Because it was essential to the proof of defendant's affirmative defense, if *629 not to its pleading, that plaintiff have had knowledge or the means of knowledge of her asserted cause of action more than two years prior to the filing of the complaint, it was error to grant defendant a summary judgment on a record lacking evidence on that issue.
We concede the difficulty of rationalizing our classification of this case with decisions associating accrual of a cause of action with plaintiff's knowledge of it, instead of with those that require a reply of waiver or tolling to avoid a limitation statute running upon accrual of the cause in a strict sense. Section 95.11(10), Florida Statutes (1973), which formerly governed the limitation period for medical malpractice actions, leaped the doctrinal chasm by declaring that "the cause of action in such case [is] not to be deemed to have accrued until the plaintiff discovers, or through the use of reasonable care should have discovered, the injury." Under such a statute it was not difficult to consider that the pleader of the affirmative defense, having the burden of showing when the cause of action "accrued," must carry the day on the issue of plaintiff's knowledge. The malpractice limitations statute in its present form, supra n. 1, does not attempt the miracle of associating accrual with notice; but our construction of the statute, though perhaps untidy, serves the same purpose of requiring the defendant to prove the staleness of plaintiff's claim by reference to the time when plaintiff reasonably should have been expected to sue, given plaintiff's knowledge or means of acquiring knowledge. In recognizing that element as a part of defendant's affirmative defense, we do not intimate that the burden of proof is likewise on the defendant when, under the same Section 95.11(4)(b), the issue is whether the plaintiff's ignorance due to defendant's fraud or misrepresentation prevented the running of the statute pleaded as an affirmative defense. See Nardone v. Reynolds, 333 So.2d 25, 37 (Fla. 1976) ("[P]laintiff must show both successful concealment of the cause of action and fraudulent means to achieve that concealment."); MacMurray v. Board of Regents, 362 So.2d 969, 970 (Fla. 1st DCA 1978).
REVERSED.
McCORD, C.J., and MELVIN, J., concur.
NOTES
[1] Section 95.11(4)(a) and (b) now provides a two-year limitation period for:

(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence; provided, however, that the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.
(b) An action for medical malpractice shall be commenced within two years from the time the incident giving rise to the action occurred or within two years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than four years from the date of the incident or occurrence out of which the cause of action accrued. An "action for medical malpractice" is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. The limitation of actions within this subsection shall be limited to the health care provider and persons in privity with the provider of health care. In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the four-year period, the period of limitations is extended forward two years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed seven years from the date the incident giving rise to the injury occurred.
[2] Defendant's third affirmative defense was:

This action is barred by the Statutes of Limitation F.S.A. Section 95.11 and F.S.A. Section 768.44.
Civil form 1.965 authorizes pleading in an inverted style:
Each cause of action, claim and item of damages did not accrue within the time prescribed by law for them before this action was brought.
[3] See Sections 95.04 and 95.051, Florida Statutes (1977); Section 95.031, Florida Statutes (1978 Supp.).