490 So.2d 1039 (1986)
James J. RICHARDSON and Carolyn E. Richardson, Appellants,
v.
R.L. WILSON and Lawrence Stoutamire, Jr., a Florida Partnership, D/B/a Alpine Villas, and As Individuals, Appellees.
No. BI-368.
District Court of Appeal of Florida, First District.
June 27, 1986.
F. Alan Cummings and John M. Alford, of Holland & Knight, Tallahassee, for appellants.
Kenneth G. Oertel and Martha J. Edenfield, of Oertel & Hoffman, Tallahassee, for appellees.
WENTWORTH, Judge.
Appellants seek review of an order denying their motion for a new trial. They contend the lower court's instruction to the jury improperly placed upon them, as plaintiffs below, the burden of proving construction defects were latent. We disagree and affirm.
Appellants in 1973 contracted with appellees to construct a complex of residential units. The units were completed and appellants took possession in March 1974. Appellants filed suit in November 1979, alleging that in November 1977 a portion of the deck attached to the unit collapsed, injuring several persons. The complaint included counts for breach of contract, breach of express and implied warranties, negligence, misrepresentation, and unfair and deceptive trade practices. Appellees asserted as an affirmative defense that the action was barred by the statute of limitation, section 95.11(3)(c), Florida Statutes (1983). A default judgment was entered against appellee Stoutamire as an individual. A jury trial was held. At the charge conference the lower court, over appellant's objections, granted a jury instruction that read as follows:
The plaintiffs are not entitled to any recovery in this case unless they prove that the structures in question were defective and that such defects were latent.
The jury returned a verdict for appellees. Section 95.11(3)(c) states that an action based upon the design, planning, or construction of improvements to real property must commence within four years from the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer, whichever date is latest. The statute provides, however, an exception to this rule where an action is based upon a latent defect. In that case the four year period runs from the date the latent defect is, or should have been, discovered with the exercise of due diligence. Section 95.11(3)(c) is silent as to which party has the ultimate burden to prove that a suit is timely filed.
The burden of proof normally is on a defendant to prove that an action was not brought within the appropriate limitation period. Petroleum Products Corp. v. Clark, 248 So.2d 196 (Fla. 4th DCA 1971); *1040 Glass v. Camara, 369 So.2d 625 (Fla. 1st DCA 1979). But, the burden of showing that the statute of limitation comes within a statutory exception is on the plaintiff. Young v. Williamson, 169 So.2d 856 (Fla. 2d DCA 1964). Thus, the burden of introducing evidence may shift in a particular case. While the defendant may have the initial burden of showing a claim is barred, he need only make a prima facie case to shift the burden to the plaintiff. The plaintiff then must prove facts to show his case is an exception to the statute. Young.
In Glass, this court distinguished between two lines of cases. One line holds that the waiver or tolling of the statute of limitation is a matter that the plaintiff must plead by reply to the affirmative defense asserted by the defendant. The second line holds that the defendant must prove the staleness of the plaintiff's claim by reference to when the plaintiff should have been expected to sue, given the plaintiff's knowledge of the invasion of his legal rights.
Glass involved the burden of proof necessary to withstand a motion for summary judgment in the context of a medical malpractice suit governed by section 95.11(4)(b), Florida Statutes (1983). The court held that that case fell into the second category, and that the defendant had the burden of proving the staleness of the plaintiff's claim. Glass is distinguishable from this case because section 95.11(3)(c), unlike section 95.11(4)(b), contains a specific statutory exception to the running of the limitation period.
A specific statutory exception to the statute of limitation is analogous to the specific tolling provisions enumerated in section 95.051, Florida Statutes (1985), in the context of burden of proof. Thus, in accordance with the Glass analysis, a plaintiff seeking to avoid a statute of limitation through the tolling provisions of section 95.051 or a specific statutory exception would have the burden of pleading avoidance, and of proving facts relevant to the tolling of or the exception to the statute during the trial. The jury instruction requiring appellants to prove latency of the construction defects was proper.
Accordingly, we affirm.
MILLS and NIMMONS, JJ., concur.