WOLF, J.,
dissenting.
The legal effect of the majority’s affir-mance is to hold the servicing agent (third party administrator) jointly and severally liable along with the self-insured employer for payment of compensation benefits. The majority cites no precedent for this result. In fact, there is no precedent for converting a servicing agent into an insurer. Although entitlement to compensation benefits is based on statute, the majority also cites no section of the statute which supports this result. The only possible justification ior this decision is to find a deep pocket for an employee who cannot collect benefits because his self-insured employer has gone bankrupt. While I am sympathetic with the employee’s plight, it is unreasonable to saddle the servicing agent with liability it neither planned for nor reasonably expected.
There is no dispute that Crawford & Company is a servicing agent rather than an insurer. The majority opinion even states as to the JCC’s order, “[W]e find nothing in the order holding that Crawford was obligated to provide payment on the basis it was a carrier.”
The applicable statutes and rules define the respected roles of the self-insurer and servicing agent. See § 440.02(28), Fla. Stat. (2001) (defining self-insurer); Fla. Admin. Code R. 4L-5.101(9) (defining self-insurer); and Fla. Admin. Code R. 4L-5.101(10) (defining service company). Rule 4L-5.114(2)(c), Florida Administrative Code, specifically states, “Nothing in this subsection shall be construed to require the service company to pay claims or otherwise incur liabilities for unpaid claims due to the self-insurer’s failure to fund claims payment.”
The majority espouses a unique theory of liability. It is based on the servicing agent’s failure to prove that it did not have any funds belonging to the bankrupt employer. This conclusion is unsupportable for a number of reasons.
The majority wrongly placed the burden of proof on the servicing agent to demonstrate that it was not holding any of the employer’s funds. The general rule as stated earlier is that servicing agents are not responsible for the payment of compensation benefits. The majority is attempting to carve out an exception to the general rule. The burden of proof for demonstrating an exception is generally on the party asserting the exception. See, e.g., Richardson v. Wilson, 490 So.2d 1039 (Fla. 1st DCA 1986). Absent proof that the servicing agent has unencumbered funds of the employer, no responsibility should exist.
In addition, the remedy of joint and several liability chosen by the JCC and affirmed by the majority is not tailored to suit the alleged failure of the servicing agent to meet its burden of proof. If liability was imposed at all, such liability *1064 should have been limited to the amount of money actually held by the servicing agent. The imposition of joint and several liability upon both the servicing agency and bankrupt employer for all compensation benefits is unsupportable. In fact, as previously noted, such a result is in direct contravention of departmental rules which state that a servicing agency shall not be liable for unpaid claims of a self-insurer.
Finally, the facts as presented at the hearing, do not support the majority’s conclusion. A final compensation order determining liability on the part of the self-insurer was not entered until November 5, 2001. Crawford & Company terminated its contract with the self-insured in October 1999 and notified the JCC and the claimant that it would no longer be handling claims. There is no evidence that Crawford & Company had access to any funds after that time. There is simply no basis to impose any liability over two years later.