940 So.2d 1251 (2006)
Sheron COHEN, Appellant,
v.
HARTLEY BROTHERS CONSTRUCTION, INC., Watson Realty Corp., Universal Engineering Sciences, Inc., Foundation Services of Central Florida., Inc., Beltz Realty and Investments, Inc., James Marchant, Ruth Marchant, and Dennis Chesky d/b/a A Personal Home Inspection, Appellees.
No. 1D06-0894.
District Court of Appeal of Florida, First District.
November 3, 2006.
Mark J. Fraser, Gainesville, for Appellant.
Frank A. Miller of Caglianone, Miller & Anthony, P.A., Brooksville, for Appellee Foundation Services of Central Florida, Inc., for Appellees.
PER CURIAM.
Sheron Cohen appeals from a final order of summary judgment in which the lower court concluded that appellee, Foundation Services of Central Florida, Inc., established that it was not liable for violating the Florida Building Code. We affirm.
Cohen purchased a home on September 18, 2001. In her action against appellees, she alleged that when the home was being built in 1997, the prior owners and the contractor hired Foundation Services to install cast-auger pilings below the footings in an attempt to address adverse soil conditions, but that they failed to obtain the necessary permits. She alleged in Counts I and II a statutory cause of action and negligence per se for violation of section 553.84, Florida Statutes,[1] which provides:

*1252 Statutory civil action.Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation; however, if the person or party obtains the required building permits and any local government or public agency with authority to enforce the Florida Building Code approves the plans, if the construction project passes all required inspections under the code, and if there is no personal injury or damage to property other than the property that is the subject of the permits, plans, and inspections, this section does not apply unless the person or party knew or should have known that the violation existed.
In an earlier proceeding in this case, the lower court entered final summary judgment for the contractor, Hartley Brothers Construction, Inc., based on an affidavit by its Secretary/Treasurer, Phillip W. Hartley, stating that "[i]nstallation of the piles was performed as a part of the regular construction process, and no added or additional permitting was required." Hartley attached two documents issued by the Alachua County Office of Codes Enforcement: (1) a Permit Inspection Card, listing numerous inspections the Office had performed on the house, including the final inspection and approval on November 24, 1997, and (2) a Final Certificate of Occupancy, which confirmed that the house "was in compliance with the various ordinances of the City regulating building construction or use." Cohen appealed and this court affirmed in Cohen v. Hartley Brothers Construction, Inc., 937 So.2d 124 (Fla. 1st DCA 2006).
In the present case, Foundation Services filed its own motion for summary judgment, relying upon the Hartley affidavit and its attachments. In opposition to the motion, Cohen submitted an affidavit from an expert in construction-defect cases, Clinton J. Ford, which recited that he is a licensed Florida general contractor, and that he had reviewed the construction of the house and the Alachua County building codes. He averred that Foundation Services had failed to obtain permitting for and inspection of the 32 stabilization pilings, as required by the building code. The lower court granted the motion and entered final judgment for Foundation Services.
Our standard of review is de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000). Under section 553.84, Foundation Services was required to establish three facts in order to show it was not liable for violating a building-construction standard or code: (1) the necessary building permits had been obtained, and the Alachua County agency with the authority to enforce the Florida Building Code had approved the plans; (2) the construction project had passed all required inspections under the code; and (3) no personal injury or damage existed to property other than the building at issue. The Alachua County Permit Inspection Card and the Certificate of Occupancy established the existence of facts (1) and (2), and fact (3) was undisputed.
In offering his opinion that Foundation Services had violated the code, Ford failed to refer to any actual facts that would refute or undermine the Alachua County documents. He did not identify a single provision of the code that Foundation Services had violated, nor did he identify which permits Foundation Services failed *1253 to obtain. See, e.g. Spradley v. Stick, 622 So.2d 610 (Fla. 1st DCA 1993).
Because Foundation Services established the three facts necessary to defeat Counts I and II, the burden then shifted to Cohen to show she retained a cause of action by providing evidence that despite the county agency's approval of the house, Foundation Services nevertheless "knew or should have known that the violation[s] existed." She did not, however, provide any evidence on this point, and instead refers only to allegations in her unsworn complaint that Foundation Services failed to obtain the necessary permits. Were we even to read an assertion of Foundation Services' knowledge from such allegations, Cohen did not support the allegations with evidence, and as a result failed to show the existence of any genuine issue of material fact. See, e.g., A & G Aircraft Serv., Inc. v. Johnson, 192 So.2d 74, 75 (Fla. 4th DCA 1966) ("The unsworn allegations of the amended complaint constituted legal conclusions and were not evidence of any fact.").
AFFIRMED.
ERVIN, BARFIELD, and POLSTON, JJ., concur.
NOTES
[1] The parties do not specify a year for this statute, but it is clear they both relied on section 553.84, as amended in 2000, which took effect on March 1, 2002. See Ch.2001-372, § 3, at 2-3, Laws of Fla. The parties have not raised the propriety of retroactive application of the amendment; thus we need not reach such question.