WEBSTER, J.
 

 In this workers’ compensation case, claimant seeks review of an order of the judge of compensation claims dismissing her petitions for benefits based on the determination that the statute of limitations had run. We affirm as to all issues raised by claimant, writing to address only the contention that the judge erred in placing on her the burden to prove the statute had not run.
 

 Claimant sustained a compensable lumbar injury on August 17, 2001. The employer and servicing agent authorized medical treatment with Dr. Henkin, who performed a lumbar discectomy in November 2001. In February 2002, claimant was provided with a TENS unit. Claimant last received authorized care with Dr. Henkin on June 7, 2002.
 

 On July 5, 2005, claimant filed three petitions for benefits, requesting TENS supplies and continued authorization of Dr. Henkin. The employer and servicing agent filed denials based on the expiration of the statute of limitations. Claimant countered that running of the statute had been tolled and/or revived by the provision of TENS supplies and medications.
 

 At the merits hearing, claimant introduced the testimony of a former employee of a medical supply company used by the employer and servicing agent in support of the proposition that she was furnished TENS supplies in October of 2004. Claimant also testified that in 2006 she was furnished a prescription card from a pharmacy management company, which she used to fill four prescriptions from an unauthorized doctor. The adjuster testified that the employer and servicing agent did not authorize or pay for TENS supplies or medications after 2002, and the prescription card was issued by accident (by the pharmacy management company), without the employer’s and servicing agent’s knowledge or consent.
 

 In her order, the judge rejected the testimony offered by claimant relative to the provision of TENS supplies because it was inconsistent with logic and the totality of the evidence. Significantly, the payout records of the employer and servicing agent failed to corroborate the transactions testified to, and Dr. Henkin’s records were silent as to claimant’s need for the device. As to the medications, the judge found that a pharmacy management company had mistakenly furnished the prescription card to claimant, without the knowledge or consent of the employer and servicing agent, and that the employer and servicing agent did not pay for the medications. Ultimately, the judge found the employer and servicing agent did not fur
 
 *563
 
 nish medical treatment to claimant after June 7, 2002. All of the findings are supported by competent, substantial evidence. Based on the findings, the judge concluded that the petitions for benefits were barred because they were filed more than two years after the date of injury, and more than one year after the last receipt of indemnity benefits or authorized medical treatment.
 

 On appeal, claimant argues that the judge erroneously shifted to her the burden of proving that the statute of limitations had not run. However, in making this argument, claimant fails to appreciate the distinction between the general statute of limitations contained in section 440.19(1), Florida Statutes (2001) (stating that a claim must be filed within two years of the date of injury), and the express tolling exception to that statute found in section 440.19(2), which extends the filing period for one year upon the payment of indemnity benefits or the furnishing of medical care.
 

 Because running of the statute of limitations is an affirmative defense, the employer and servicing agent had the burden of raising that defense and proving that the petitions for benefits were untimely pursuant to section 440.19(1).
 
 See
 
 § 440.19(4), Fla. Stat. (2001);
 
 see also Denestan v. Miami-Dade County,
 
 789 So.2d 515 (Fla. 1st DCA 2001). However, here the employer and servicing agent were obliged only to establish the date of injury (stipulated as August 17, 2001) and the date of the first petition for benefits (July 5, 2005) to carry that burden. Having done so, they established a prima facie case that the petitions for benefits were untimely pursuant to section 440.19(1) because the first petition was filed more than two years after the date of injury. The question then becomes whether the general statute was tolled or extended pursuant to the exception in section 440.19(2), and which party carries the burden of proving the applicability of that exception.
 

 Although it can be inferred from our prior decisions that we have concluded (without expressly saying so) that a workers’ compensation claimant carries the burden of proving the applicability of the tolling exception contained in section 440.19, it does not appear that we have directly addressed the issue.
 
 See Devilling v. Rimes, Inc.,
 
 591 So.2d 304, 305 (Fla. 1st DCA 1991) (affirming a denial of a claimant’s requested extension of the statute of limitations, because there was no showing of employer knowledge of the alleged medical treatment);
 
 Ginsberg v.ChemMED Corp.,
 
 929 So.2d 633 (Fla. 1st DCA 2006) (reversing and remanding for factual findings where there was an absence of showing as to when claimant last took prescribed medication).
 

 In the civil arena, we have held that a plaintiff seeking to avoid a statute of limitations by operation of a specific statutory tolling exception has the burden of proving avoidance of, or the exception to, the statute.
 
 See Richardson v. R.L. Wilson,
 
 490 So.2d 1039 (Fla. 1st DCA 1986) (holding that, while the burden is on the defendant to prove that the action was not brought within the appropriate limitation period, the burden of proving the conditions which would invoke a statutory tolling provision, is on the plaintiff). The tolling exception in section 440.19(2) is analogous to the statutory tolling exceptions to the statutes of limitations applicable to civil actions found in section 95.051. Having held that the plaintiff bears the burden of proving tolling exceptions contained in section 95.051, we can think of no reason why we should not reach the same result with regard to the tolling exception found in section 440.19(2). Accordingly, we hold that, where a workers’ compensa
 
 *564
 
 tion claimant seeks to extend or avoid the statute of limitations by operation of section 440.19(2), he or she bears the burden of establishing the exception.
 
 Wilson,
 
 490 So.2d at 1040. Because claimant failed to carry her burden of proving receipt of medical treatment after June 7, 2002, the dismissal of her petitions for benefits based on the statute of limitations is affirmed.
 

 AFFIRMED.
 

 BROWNING and LEWIS, JJ., concur.