PER CURIAM.
 

 Alan Certain, Jr., appeals an order deeming his petition for workers’ compensation benefits barred by the two-year statute of limitations. Certain argues the Judge of Compensation Claims (“JCC”) erred in finding that the initial response to his Petition for Benefits raised the statute of limitations defense and that he had actual knowledge of the two-year statute of limitations applicable to workers’ compensation claims. We reverse because the initial response to Certain’s petition, a pleading entitled “Response to Petition for Benefits,” failed to assert the statute of limitations in defense of the claim.
 

 On November 10, 2008, Certain filed a Petition for Benefits with respect to a work-related automobile accident that occurred three years earlier on September 21, 2005. Although Certain had immediately reported the accident and his subsequent physical symptoms to his employer, Big Johnson Concrete Pumping, Inc., he chose not to file a workers’ compensation claim believing it would take too long to receive treatment, if at all. He also lacked confidence in any medical treatment available through workers’ compensation. The employer did not notify its workers’ compensation insurance carrier, Bridgefield Employers Insurance Company, of Certain’s injury. Shortly after the auto accident, Certain consulted a personal injury attorney who counseled him to sue the other driver involved in the accident and arranged alternative treatment. Those medical expenses were paid for, in part, with health insurance benefits and proceeds from the lawsuit.
 

 On November 20, 2008, Certain’s employer and its workers’ compensation insurance carrier (collectively “Employer/Carrier”) prepared and electronically filed a Response to Petition for Benefits with the Office of the Judges of Compensation Claims (“OJCC”) stating the claim “is denied in its entirety” but not indicating the statute of limitations or any other basis for denial. The same day, the Employer/Carrier also prepared a Notice of Denial stating,
 
 inter alia:
 
 “Claim has been filed more than three years after the alleged date of accident.” The notice was sent to the Florida Department of Financial Services, Division of Workers’ Compensation (“Division”) on November 21, 2008.
 

 Section 440.19(1), Florida Statutes (2005), provides that a petition for benefits is barred unless filed within two years after the date of accident. But section 440.19 states elsewhere that:
 

 Notwithstanding the provisions of this section, the failure to file a petition for benefits within the periods prescribed is not a bar to the employee’s claim unless the carrier advances the defense of a statute of limitations in its initial response to the petition for benefits.
 

 § 440.19(4), Fla. Stat. (2005). The JCC determined the Employer/Carrier’s Notice of Denial sufficiently raised the statute of limitations as a basis for denying Certain’s claim.
 
 [1]
 
 Certain argues the Notice of Deni
 
 *151
 
 al could not have been the Employer/Carrier’s “initial response” because the Response to Petition for Benefits was filed first. We agree.
 

 The “initial” document the Employer/Carrier submitted to any entity in response to the Petition was not the Notice of Denial, but the pleading entitled “Response to Petition for Benefits” electronically filed with the OJCC on November 20, 2008. The pleading specifically referenced the Petition, denied the claim in its entirety, and did not advance the statute of limitations defense. Although the Notice of Denial was prepared the same day in response to Certain’s claim for benefits, it was not mailed to the Division for filing until the following day. Because the Employer/Carrier’s initial response to the Petition for Benefits failed to raise the statute of limitations as grounds for denying the claim, the petition is not time barred. § 440.19(4), Fla. Stat. (2005). We therefore REVERSE the JCC’s order and REMAND for further proceedings.
 

 DAVIS, BENTON, and MARSTILLER, JJ., concur.
 

 [1]
 

 . The JCC also found the Employer/Carrier was not estopped from raising the defense because Certain had actual knowledge of the statute of limitations relevant to his claim. Because we reverse the JCC’s order based on the Employer/Carrier's initial response to the
 
 *151
 
 Petition for Benefits, we do not address Certain's argument that the JCCs finding as to actual knowledge is unsupported by competent, substantial evidence.