PER CURIAM.
In this workers’ compensation case, the Employer/Carrier (E/C) appeals an order of the Judge of Compensation Claims (JCC) rejecting its statute of limitations defense and awarding benefits. For the reasons below, we reverse.
Section 440.19(4), Florida Statutes (2006), provides:
Notwithstanding the provisions of this section, the failure to file a petition for benefits within the periods prescribed is not a bar to the employee’s claim unless the carrier advances the defense of a statute of limitations in its initial response to the petition for benefits. If a claimant contends that an employer or its carrier is estopped from raising a statute of limitations defense and the carrier demonstrates that it has provided notice to the employee in accordance with s. 440.185 and that the employer has posted notice in accordance with s. 440.055, the employee must demonstrate estoppel by clear and convincing evidence.
The JCC found the E/C’s “initial response” to Claimant’s petition for benefits was various documents dated November 9, 2009— notice of appearance, request for production, letter of representation, notice of deposition, and letter to the mediator — and concluded that, because the E/C did not therein assert a statute of limitations defense, the E/C had waived that defense. The E/C argues that its “Response to the Petition for Benefits,” filed November 10, 2009, should be considered its “initial response.” We agree because our observation in Certain v. Big Johnson Concrete Pumping, Inc., 34 So.3d 149 (Fla. 1st DCA 2010), that the “initial response” “denied the claim in its entirety” evinces the need for an “initial response” to explicitly state a position either denying or conceding the particular claims therein. This reading of Certain fits with the requirement in section 440.192(8), Florida Statutes, that an E/C in a “response to benefits” must “list all benefits requested but not paid and explain its justification for nonpayment,” although that requirement does not appear to be intended as a definition.
In determining that the “initial response” was the November 9 documents, the JCC used the phrase “based on a preponderance of the evidence”; the E/C asserts the proper standard of proof was instead “clear and convincing evidence” because it proved compliance with sections 440.185 and 440.055, Florida Statutes. We disagree because section 440.19(4) places the (potentially) heightened burden on Claimant to prove estoppel, whereas the burden rests on the E/C to prove it asserted the statute of limitations defense in its “initial response.”
The JCC also found the E/C’s failure to respond to the petition for benefits within fourteen days, as required by section 440.192(8), waived the statute of limitations defense. The E/C is correct that this court reached the contrary conclusion in Denestan v. Miami-Dade County, 789 So.2d 515 (Fla. 1st DCA 2001), and Claimant concedes the error. To the extent the E/C argues Claimant’s assorted estoppel arguments lack merit, that argument is premature because the JCC did not rule on those arguments.
REVERSED and REMANDED for further proceedings.
PADOVANO, ROWE, and RAY, JJ, concur.