MARSTILLER, J.
In this workers’ compensation appeal, Claimant challenges a final order denying her two petitions for benefits (“PFB”) as barred by the statute of limitations. Claimant’s last date of service for medical treatment related to her compensable injury was April 28, 2011. The PFBs, filed on June 13, 2012, and October 15, 2012, were outside the two-year limitations period. See § 440.19(1), Fla. Stat. (2007); § 440.19(2), Fla. Stat. (2007) (“[pjayment of any indemnity benefits or the furnishing of remedial treatment ... shall toll the limitations period ... for 1 year from the date of such payment.”). In its initial response to the June 13, 2012, PFB, the Employer/Carrier (“E/C”) asserted the statute of limitations defense. However, the E/C failed to assert the defense in its initial response to the October 15, 2012, PFB, waiting, instead until the January 24, 2013, hearing before the JCC.
Section 440.19(4), Florida Statutes (2007), provides that, “the failure to file a petition for benefits within the periods prescribed is not a bar to the employee’s claim unless the carrier advances the defense of a statute of limitations in its initial response to the petition for benefits.” (Emphasis added.) The E/C timely asserted the statute of limitations defense against the June 13, 2012, PFB, in which Claimant sought authorization for continued medical treatment, and Claimant failed to establish that the E/C should be estopped from raising the defense. See Deere v. Sarasota County Sch. Bd., 880 So.2d 825, 826 (Fla. 1st DCA 2004) (setting out the elements for estoppel). Accordingly, the JCC correctly denied the June 13, 2012, PFB as time-barred.
However, because the E/C failed to raise the defense in its initial response to the October 15, 2012, PFB, it waived the defense relative to the claim therein for impairment benefits. See Certain v. Big Johnson Concrete Pumping, Inc., 34 So.3d 149, 151 (Fla. 1st DCA 2010). Citing Palmer v. McKesson Corporation, 7 So.3d 561 (Fla. 1st DCA 2009), the E/C argues that it perfected the defense by raising it in response to the June 12, 2012, PFB, and therefore, did not need to assert the defense when initially answering the October 15, 2012, PFB. Palmer simply does not stand for that proposition. Indeed, there *203 was no argument in Palmer that the employer/carrier failed to raise the statute of limitations defense. Rather, the claimant in that case had filed three PFBs, and the employer/carrier filed individual denials based on the statute of limitations. Palmer, 7 So.3d at 562. We stated that to establish a prima facie case that limitations period had run, the employer/carrier only had to show the first petition was untimely. Id. at 563. Nothing we said in Palmer affects the operation of section 440.19(4) or has any bearing on the outcome of this case. Claimant’s October 15, 2012, PFB is not time-barred because the E/C did not raise the defense until the hearing. The JCC erred in ruling otherwise.
Based on the foregoing, we AFFIRM that portion of the JCC’s order denying Claimant’s June 13, 2012, PFB as barred by the statute of limitations. However, we REVERSE that portion of the order denying Claimant’s October 15, 2012, PFB, and REMAND for further proceedings.
VAN NORTWICK, J., concurs and ROWE, J., concurs with opinion.