# Third District Court of Appeal
## State of Florida

Opinion filed May 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0100
Lower Tribunal No. 20-574-CA-01
_____

**Donald Colas, et al.,**
Appellants,

vs.

**Lexington National Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Kozyak Tropin & Throckmorton LLP and Dwayne A. Robinson; Pierre Simon, LLC and Faudlin Pierre (Fort Lauderdale), for appellants.

Kahn & Resnik, P.L. and Howard N. Kahn (Fort Lauderdale), for appellee.

Before SCALES, C.J., and LOGUE and LOBREE, JJ.

LOBREE, J.

Plaintiffs below, Donald Colas, Masayo Colas, Donastor Colas, and Dominique Colas (the "Colases"), appeal a final summary judgment for defendant below, Lexington National Insurance Corporation ("Lexington"), on multiple claims for intentional torts and negligence stemming from the actions of bail bond agents who entered and searched the Colases' home looking for a defendant who failed to appear in court on a bond for which Lexington was the surety. The Colases make several arguments on appeal, but we find merit only in their contention that the trial court erred in entering summary judgment on counts VII–X on statute of limitation grounds and otherwise affirm.

The Colases argue that the trial court erred in granting summary judgment on the negligence claims alleged in their third amended complaint on the basis that "[t]he newly amended and asserted negligence claims filed on July 17, 2023 . . . Counts VII - Count X are now time-barred and beyond Florida's four (4) year statute of limitations. . . . The claims do not relate back to any prior pleading." Particularly, the Colases advance that Lexington failed to carry its initial burden on summary judgment. We agree.

"When expiration of the statute of limitations is the basis of a summary judgment motion, the movant has the burden of showing 'conclusively that there was no genuine issue of fact that the statute of limitations had expired

before the filing of the [complaint].'" Baxter v. Northrup, 128 So. 3d 908, 909 (Fla. 5th DCA 2013) (quoting Green v. Adams, 343 So. 2d 636, 637 (Fla. 4th DCA 1977)). "Once the party moving for summary judgment satisfies this initial burden, the burden then shifts to the nonmoving party to come forward with evidence demonstrating that a genuine dispute of material fact exists." Romero v. Midland Funding, LLC, 358 So. 3d 806, 808 (Fla. 3d DCA 2023). Further:

> Both parties must support their assertions that a material fact cannot be or is genuinely disputed by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Id. (quoting Fla. R. Civ. P. 1.510(c)(1)).

Here, in moving for summary judgment, Lexington argued that counts VII–X were time barred under the four-year statute of limitations set forth in section 95.11(3), Florida Statutes (2019), because they were "newly asserted" and did not relate back to any prior pleading. This was the extent of its argument. Lexington citied to no materials in the record and made no

3

argument as to when the limitations period began to run on any of the individual negligence counts. Thus, Lexington, as the movant, did not meet its initial burden on summary judgment to show "conclusively that there was no genuine issue of fact that the statute of limitations had expired before the filing of the [third amended complaint]" against it. Green, 343 So. 2d at 637.

Lexington responds that this court should affirm because there is no record evidence that either the bail agents or bail agency were negligent in writing the relevant bond. We reject this alternative basis for affirming summary judgment of the negligence claims, as Lexington did not make this argument below in its motion for summary judgment. See Sousa v. Zuni Transp., Inc., 286 So. 3d 820, 822 (Fla. 3d DCA 2019) ("Even if the record on appeal were to support an affirmance on these alternative grounds—an issue about which we express no opinion—it is well-settled that '[t]he [t]ipsy [c]oachman doctrine does not apply to grounds not raised in a motion for summary judgment.'" (quoting Mitchell v. Higgs, 61 So. 3d 1152, 1155 n.3 (Fla. 3d DCA 2011))); Galue v. Clopay Corp., 388 So. 3d 64, 68–69 (Fla. 3d DCA 2023) (stating that summary judgment could not be affirmed based on argument not made in summary judgment motion or considered by trial court in reaching its conclusion; citing Sousa, 286 So. 3d at 822–23).

Lexington also argues that the Colases' argument is "procedurally barred," because the Colases did not contest the statute of limitations issue in their summary judgment response.  This argument is unavailing.  Even in the absence of a response to summary judgment, a trial court must still analyze "if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to [summary judgment][.]" Fuentes v. Luxury Outdoor Design, Inc., 361 So. 3d 385, 386 (Fla. 4th DCA 2023) (quoting Fla. R. Civ. P. 1.510(e)(3) (2022)) (citing Lloyd S. Meisels, P.A., v. Dobrofsky, 341 So. 3d 1131, 1134–36 (Fla. 4th DCA 2022)).  Here, there is no indication in the summary judgment order that the trial court reviewed the pleadings and materials in the record to determine whether Lexington was entitled to summary judgment on statute of limitations grounds.

Because Lexington failed to meet its initial burden to show that counts VII–X are time barred, we reverse that portion of the final summary judgment granting summary judgment for Lexington on those counts.  In all remaining respects, we affirm the summary judgment for Lexington.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.